UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBT CLEANSE GROUP LEGAL SERVICES, LLC, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>GO TO TECHNOLOGIES USA, INC. and LASTPASS US LP,<br><br>       Defendants. | Civil Action No.: 1:22-cv-12047-PBS |
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>LASTPASS US LP,<br><br>       Defendant. | Case No.: 1:23-CV-10004-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

**I. INTRODUCTION**

 Pending before the Court are two separately filed, but related, cases against Defendants (collectively, the "Class Actions"): *Debt Cleanse Group Legal Services, LLC v. GoTo Technologies USA, Inc. et al.*, 1:22-cv-12047-PBS (filed December 2, 2022) ("*DCGLS*") and *Doe v. LastPass US LP*, 1:23-CV-10004-PBS (filed January 3, 2023) ("*Doe*"). Consolidation of the Class Actions under Rule 42(a)(2) and Local Rule 40.1(j) is appropriate because the two cases

involve common parties (*i.e.*, the same defendant)[1] and allege similar facts and legal claims. Consolidation will also enable this Court to conduct proceedings in one combined action, ensuring that the Class Actions are adjudicated efficiently. Plaintiffs therefore respectfully request that this Court enter the proposed Pretrial Order No. 1 consolidating the Class Actions for all purposes, including discovery and trial, and appointing Migliaccio & Rathod LLP and Zimmerman Law Offices, P.C. as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel").

## II.     ARGUMENT AS TO WHY CONSOLIDATION IS APPROPRIATE

Consolidation is appropriate under Fed. R. Civ. P. 42(a) and Local Rule 40.1(j) because the Class Actions involve common parties and similar issues of law and fact. First, LastPass US LP is a named Defendant in both cases. Second, the putative class representatives in each of the Class Actions seek to represent similar classes of persons who utilized the LastPass services and were similarly impacted by the data security incident that is the subject of the Class Actions. Third, the Class Actions arise out of the same circumstances—Defendants' alleged failure to safeguard Plaintiffs' highly sensitive information, which was compromised as a result of the data security incident that is the subject of the Class Actions. Finally, Plaintiffs in the Class Actions bring similar legal claims, each alleging claims for negligence, unjust enrichment, and breach of contract. As the table below demonstrates, the two cases also propose substantially similar classes.

| Case | Proposed Class(es)[2] |
|---|---|
| *Debt Cleanse Group Legal Services, LLC* | All persons who had their Customer Information accessed in the Data Breach.<br><br>(*DCGLS*, ECF No. 1 at ¶ 46) |
| *John Doe* | All persons whose personal information was accessed, |

---

[1] Both cases name Last Pass US LP as a defendant.
[2] Should consolidation occur, Plaintiffs' counsel intend to agree on a single class definition (or set of class definitions).

| Case | Proposed Class(es)[2] |
|---|---|
|  | compromised, copied, stolen, and/or exposed as a result of the LastPass Data Breach.<br><br>(*Doe*, ECF No. 1 at ¶ 68) |

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

The Court of Appeals for the First Circuit has explained that "a motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (citation omitted). In evaluating a motion to consolidate, the court first determines "whether the two proceedings involve a common party or common issues of fact or law." *Id.* "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* The second inquiry turns on determining "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense, and 'any confusion, delay, or prejudice that may result from consolidation.'" *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001). Class action suits are "particularly well-suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *See Carr v. Analogic Corp.*, 2018 WL 4932858, at *1 (D. Mass.

Oct. 10, 2018) (quoting *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991 at *3 (N.D. Cal. June 10, 2014)).

For the reasons described below, consolidation is appropriate here.

### A.     The Cases Involve Common Parties.

The threshold question of "common parties" is easily answered in the affirmative. Both lawsuits name LastPass US LP as a defendant. In addition, the proposed Classes in both lawsuits are virtually identical and include Defendant's customers whose personal information was impacted by the data breach at issue in the Class Actions.

### B.     Both Cases Allege Common Legal Claims and Facts.

Besides common parties, both lawsuits allege common facts and legal claims. As is clear on the face of both complaints, the claims arise out of the same set of operative facts: Defendants' August 2022 months-long data breach. Furthermore, both cases raise similar allegations regarding alleged damages arising out of Defendants' failure to implement adequate data security practices. *See, e.g.*, *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (consolidating actions where the "complaint filed in each of these five cases is in essence the same complaint, including the same named defendant and the same allegations in support of the claims.").

In addition, both cases assert claims for negligence, unjust enrichment, and breach of contract.

### C.     Consolidation Will be More Convenient to the Parties, Promote Judicial Economy and Save Resources.

Consolidation of these substantively identical cases will promote convenience for the parties and judicial economy, and will save time, effort, and expense. *See Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (agreeing that consolidation of two cases

involving "nearly identical facts" and "overlapping legal claims" would be "cost effective and less time consuming for the parties"); *see also Bettinelli v. Wells Fargo Home Mortg., Inc.*, 2010 WL 2998608, at *1 (D. Mass. July 23, 2010) (consolidating two class action complaints because of the "striking similarity" between the class allegations where the two cases would be subject to similar dispositive motion practice and class certification issues); *Gilliam v. Fidelity Mgmt. & Research Co.*, 2005 WL 1288105, at *5 (D. Mass. May 3, 2005) (consolidating five similar class actions). Consolidation will also avoid the confusion, delay, and potential prejudice that might result if both cases proceed separately. The Class Actions are in their early stages, and they are both pending before the same session of this Court. Neither discovery nor class certification proceedings have yet commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses given the overlapping complaints, which further favors consolidation. *See Americus Mortg. Corp. v. Mark*, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013) (finding consolidation warranted because "it avoids conducting duplicate hearings and duplicate discovery").

Finally, consolidation will neither inconvenience the parties nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the parties and non-parties alike. Consolidation will also avoid confusion among absent putative class members. The facts and circumstances here warrant consolidation.

### III. ARGUMENT IN FAVOR OF APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

Federal Rule of Civil Procedure 23(g)(2)(A) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *Carrier v. Am. Bankers Life Assur. Co.*, 2006 U.S. Dist. LEXIS 76346, (D.N.H. Oct. 19, 2006). Although the rule does not provide a standard for determining whether

interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances where interim counsel is necessary to protect the interests of the putative class. The need to protect the interests of the putative class arises when it is necessary to have one attorney to prepare for the class certification decision, to prepare or respond to other motions before class certification, to discuss settlement before certification, or to resolve rivalry or uncertainty among competing counsel or law firms. *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006).

When assessing Rule 23(g)(3), courts often rely on the Advisory Committee Notes accompanying the rule as holding that interim counsel should be appointed when needed to protect the putative class and its interests. *See, e.g.*, *Davis v. GEICO Cas. Co.*, 2021 U.S. Dist. LEXIS 204426, at *10 (S.D. Ohio May 20, 2021) (quoting Fed. R. Civ. P. 23, Advisory Committee Notes (2003)). As considered in the Notes, "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and "in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003). Appointment of interim lead counsel has been deemed appropriate and necessary even where, like here, only a few similar cases are at issue. *See, e.g., Brown v. St.-Gobain Performance Plastics Corp.*, No.16-cv-242-JL, 2017 U.S. Dist. LEXIS 227966 (D.N.H. May 11, 2017) (consolidating four cases and appointing interim lead counsel).

The appointment of class counsel at a relatively early stage in this putative class action litigation is in the best interest of the parties, the putative Class, and the Court. The designation of interim counsel will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary

discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, Manual For Complex Litigation § 21.11, at 246 (4th ed. 2004); *See also* Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g); *see also In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006) ("The most common approach to the selection of class counsel is private ordering, in which Plaintiffs' Counsel agree on which of them should serve as class counsel").

In short, the appointment of Proposed Interim Class Counsel will provide efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may speak for the putative Class. This is of particular importance as the parties begin to discuss topics such as discovery and potential resolution of the Class Actions. With these goals and considerations in mind, Plaintiffs request that the Court appoint Migliaccio & Rathod LLP and Zimmerman Law Offices, P.C. as Interim Class Counsel.

In appointing lead counsel, a court should "conduct an independent review . . . to ensure that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." MCL § 10.22. Fed. R. Civ. P. 23(g) states four factors that courts should look to in selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Class Counsel's fitness for this role is demonstrated by their commitment of all the necessary and appropriate time and resources to prosecuting this matter at the highest level of professionalism and efficiency, their extraordinary experience, their knowledge of applicable law,

and their possession of resources needed to successfully advance this litigation and adequately represent the class. The Rule also contemplates that the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

Analysis of the relevant factors show that Proposed Interim Class Counsel are best suited to serve as lead counsel in this matter. Proposed Interim Class Counsel have many years of experience litigating consumer class actions in general and data breach class actions in particular. Their knowledge of the relevant law is superior. They have committed and will continue to commit extensive resources to the efficient but thorough litigation of this matter.

### A. The Work That Proposed Interim Class Counsel Have Already Done Supports Their Appointment as Interim Class Counsel.

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Class Counsel have invested significant time in this case, including pre-filing investigation, research of the potential claims, drafting of the complaints, and litigating the case once it was filed. Indeed, before filing the instant Actions, Proposed Interim Class Counsel performed extensive investigation and legal research regarding the potential claims in the Actions and the underlying facts. They have demonstrated the ability to work cooperatively with others, including other attorneys for Plaintiffs, and intend to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter.

Proposed Interim Class Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. Declaration of Nicholas A.

Migliaccio in Support of Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel ("Migliaccio Decl."), ¶¶ 11-13; Declaration of Thomas A. Zimmerman, Jr. ("Zimmerman Decl."), ¶¶ 15-18. These actions demonstrate counsel's willingness and ability to prosecute the Actions on behalf of the putative Class to the fullest extent possible. Proposed Interim Class Counsel are familiar with the facts and legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative Class. They have applied their extensive experience in class litigation, including many data breach cases, to the advancement and development of Plaintiffs' and the putative Class's rights.

The Proposed Interim Class Counsel's work to date includes several significant tasks:

**First,** Proposed Interim Class Counsel independently investigated the facts and circumstances surrounding the data breach, including, inter alia: the cause of the data breach, Defendants' public statements regarding the events surrounding the data breach, other media commentary, and consumer experiences concerning information compromised in the breach. Migliaccio Decl., ¶ 11; Zimmerman Decl., ¶ 16.

**Second,** Proposed Interim Class Counsel devoted extensive time to researching the relevant law, and applying their experience, to prepare a detailed complaint. Migliaccio Decl., ¶ 12; Zimmerman Decl., ¶ 17.

**Third,** Proposed Interim Class Counsel filed the first lawsuits against the Defendants related to the data breach. They also assisted in preparing the joint motion to consolidate and worked cooperatively with all counsel to finalize it. Migliaccio Decl., ¶ 12; Zimmerman Decl., ¶ 18.

**Fourth**, Proposed Interim Class Counsel have spent significant time speaking with and interviewing many class members who have contacted them, expressed interest in the case, and

9

sought more information about the case and the underlying data breach. Migliaccio Decl., ¶ 13; Zimmerman Decl., ¶ 19.

Proposed Interim Class Counsel will continue to expend all the time and resources necessary to advocate for Plaintiffs and the putative Class. Migliaccio Decl., ¶ 11; Zimmerman Decl., ¶ 20.

>   **B.    Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation Supports Their Appointment as Interim Co-Lead Counsel.**

Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. Lead counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIG., § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of class certification, damages, and injunctive relief require counsel well-versed in this practice area who have achieved legal rulings that facilitate prosecution. Proposed Interim Class Counsel have developed knowledge of this area and these topics through years of experience.

Plaintiffs propose that the Court designate Migliaccio & Rathod LLP and Zimmerman Law Offices, P.C. as Interim Co-Lead Class Counsel. Proposed Interim Class Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of plaintiffs in a wide range of complex litigation, including large data breach and other privacy actions.

### 1. The Accomplishments of Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C.

Thomas A. Zimmerman, Jr. is an established and respected trial lawyer who represents clients in complex litigation and class action lawsuits, recovering over $300 million on behalf of individuals and businesses. *See* Firm Resume for Zimmerman Law Offices, P.C., attached as "Exhibit A" to the Zimmerman Declaration submitted herewith. Over the past 27 years, he has been appointed lead counsel and to positions on plaintiffs' executive committees in nationwide class actions and multidistrict litigation involving claims for negligence, breach of contract, deceptive trade practices, and privacy violations including data breaches, in cases involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, Bridgestone/Firestone, and ADT Corporation. Mr. Zimmerman was selected as a *Super Lawyer* in the area of class action and mass torts in 2017, 2018, 2019, 2020, 2021, 2022, and 2023.

Some of the cases in which Mr. Zimmerman has served as class counsel include: *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cty, IL) ($62 million recovery for a nationwide class); *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cty, IL) ($48 million recovery for an Illinois statewide class); *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA) ($35 million in monetary and injunctive relief

for a nationwide class); *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cty, IL) ($31 million recovery for a nationwide class).

Mr. Zimmerman is very familiar with data breach litigation, and was class counsel in significant data breach class action lawsuits, such as: $11.2 million recovery for a nationwide class in *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO); $4.95 million recovery for a nationwide class in *Culbertson, et al. v. Deloitte Consulting LLP*, No. 20 cv 3962 (S.D. NY); $4.3 million recovery for a nationwide class in *In re Herff Jones Data Breach Litigation*, No. 21 cv 1329 (S.D. IN); $4.3 million recovery for a nationwide class in *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH); $900,000 recovery for a nationwide class in *Schmitt v. SN Servicing Corp.*, No. 21 cv 3355 (N.D. CA). A more comprehensive list of his cases is included in Mr. Zimmerman's Firm Resume.

Mr. Zimmerman has a special interest in attorney ethics and professionalism. In 2003, the Illinois Supreme Court appointed him to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC").  He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations.  In 2013, the ARDC appointed him as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC. Additionally, the Illinois Governor appointed him to the Illinois Courts Commission. A Commission member presides over proceedings wherein judges are charged with committing ethical violations and imposes discipline on judges who are found to have engaged in misconduct.

### 2. The Accomplishments of Migliaccio & Rathod LLP ("M&R").

M&R is qualified, experienced, and capable of prosecuting the instant litigation and has an extensive and robust array of experience prosecuting a number of noteworthy consumer protection, data privacy, civil rights, environmental contamination, and wage theft cases. The firm's attorneys, located in Washington D.C. and California, focus primarily on class actions and have been appointed class counsel in a wide array of consumer protection cases. *See, e.g., Colgate, et al. v. JUUL*, No. 3:18-cv-02499-WHO (Dkt.63) (appointing M&R, along with one other firm, as interim lead counsel in putative nationwide class action against e-cigarette manufacturer JUUL, prior to formation of multidistrict litigation). The attorneys at the firm have litigated cases leading to recoveries of hundreds of millions of dollars for consumers, workers, and other victims of corporate misconduct. M&R has a track record of investing the time, energy, and resources necessary to develop cases which implicate significant economic, societal, and health concerns.

M&R is also particularly experienced in data breach and privacy class actions. The firm has, among other cases, represented Facebook users after a data breach affecting approximately 50 million consumers. *Bendetowies et al. v. Facebook, Inc.*, Case No. 1:18-cv-06263 (N.D. Cal.). M&R has also been appointed to leadership in a number of other data breach and privacy class actions. *See, e.g.*, *Practice Resources, LLC Data Security Breach Litigation*, Case No. 22-CV-0890 (N.D.N.Y.), *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (M.D. Tenn.), *In Re Netgain Technology, LLC, Consumer Data Breach Litigation*, Case No. 21-cv-1210 (SRN/LIB) (D. Minn.), *In re Eskenazi Health Data Incident Litigation*, No. 49D01-2111-PL-038870 (Ind. Sup. Ct.), and *In Re Rutter's Inc. Data Security Breach Litigation*, Case No. 1:20-

cv-382 (M.D. Pa.).³ Finally, M&R attorneys were interim lead counsel for the Sprint subscriber class in *In re National Security Agency Telecommunications Records Litigation*, Case No. 3:06-md-01791 (N.D. Cal.), a privacy suit against telecom companies to enjoin the alleged illegal disclosure of call records to the National Security Agency ("NSA").

For additional information relating to M&R's accomplishments, please refer to the Firm Resume attached as "Exhibit A" to the Migliaccio Declaration submitted herewith.

### C. Proposed Interim Class Counsel's Knowledge of the Applicable Law.

The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing Proposed Interim Class Counsel. Proposed Interim Class Counsel are knowledgeable and familiar with the legal claims and statutes at issue. Each of these firms regularly litigates cases involving complex litigation, including several data breach cases. Further, as discussed above, Proposed Interim Class Counsel extensively researched the claims at issue before filing their actions. Given their vast experience, Proposed Interim Class Counsel are also equally knowledgeable regarding the discovery and expert needs for the instant case, and are prepared to defend against and refute the multiple affirmative defenses expected to be raised by Defendants. Perhaps most importantly, Proposed Interim Class Counsel are seasoned class action litigators who are well-versed in all of the nuances of the class action vehicle and Rule 23 in particular.

### D. Resources That Proposed Interim Class Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Class Counsel.

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate very

---

³ In these cases and others, plaintiffs have received a number of recent, favorable rulings. *See, e.g., In re Netgain Tech., LLC*, Consumer Data Breach Litig., No. 21-cv-1210 (SRN/LIB), 2022 U.S. Dist. LEXIS 98342 (D. Minn. June 2, 2022); *Weisenberger v. Ameritas Mut. Holding Co.*, No. 4:21-CV-3156, 2022 U.S. Dist. LEXIS 67990 (D. Neb. Apr. 7, 2022); *Leonard v. McMenamins, Inc.*, No. 2:22-cv-00094-BJR, 2022 U.S. Dist. LEXIS 159144, at *1 (W.D. Wash. Sep. 2, 2022).

significant resources to advance the claims of the proposed Classes. See Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Class Counsel have demonstrated their collective will and ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf of the putative Class members. As described in detail above and in the accompanying Declarations, each of the firms have thoroughly investigated, developed, and gathered evidence in support of Plaintiffs' claims against Defendants, and have already invested and committed significant resources to prosecute this important case. Proposed Interim Class Counsel are hard-working, organized, and effective. They have taken many cases from inception to conclusion (both together and separately), advancing all litigation costs, and will do so here.

Moving forward, Proposed Interim Class Counsel will continue to staff the Actions with knowledgeable and experienced attorneys supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Class Counsel will continue their commitment of resources and efforts to the Actions, just as they have in other, successful litigation. Moreover, Proposed Interim Class Counsel's decades of accomplished litigation in cases like this one, evidence a proven history of dedicating all resources necessary to effectively litigate the claims they allege. In the aggregate, Proposed Interim Class Counsel will put forth substantial resources to vigorously advocate for the interests of the putative Class, just as they have done in prior data breach cases. Finally, it is important to note that the firms will make every effort to effectively and efficiently staff the litigation in a manner that will avoid duplication of effort.

## IV.   CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs respectfully request that the Court enter proposed Pretrial No. 1 consolidating the

two above-captioned cases, which are related and pending before the same session of this Court, appointing Migliaccio & Rathod LLP, and Zimmerman Law Offices, P.C. as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g), and for all other relief this Court may deem just and proper.

Dated: January 27, 2023

Respectfully submitted,

/s/ David Pastor
David Pastor (BBO # 391000)
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
Email:  dpastor@pastorlawoffice.com

Nicholas A. Migliaccio
(*pro hac vice* to be submitted)
Jason S. Rathod
(*pro hac vice* to be submitted)
Tyler J. Bean
(*pro hac vice* pending)
MIGLIACCIO & RATHOD, LLP
412 H Street, NE, Suite 302
Washington, DC  20002
Phone: 202-470-520
Fax: 202-800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
tbean@classlawdc.com

*Counsel for Plaintiff John Doe and the Putative Class*

Marc E. Dann (0039425)
(admitted *pro hac vice*)
Brian D. Flick (0081605)
(admitted *pro hac vice*)
**DANN LAW**
15000 Madison Ave.
Lakewood, OH 44107
notices@dannlaw.com

Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
firm@attorneyzim.com

Kenneth D. Quat, BBO #408640
Quat Law Offices
373 Winch St.
Framingham, MA 01701
508-361-0207
kquat@quatlaw.com

*Counsel for Plaintiff Debt Cleanse Group Legal Services, LLC and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 27, 2023                    */s/ David Pastor*
                                           David Pastor