UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBT CLEANSE GROUP LEGAL SERVICES, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>GOTO TECHNOLOGIES USA, INC. and LASTPASS US LP,<br><br>      Defendants. | Civil Action No.: 1:22-cv-12047-PBS |
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>LASTPASS US LP,<br><br>      Defendant. | Civil Action No.: 1:23-CV-10004-PBS |
| R. ANDRE KLEIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>LASTPASS US LP, and GOTO TECHNOLOGIES USA, INC.,<br><br>      Defendants. | Civil Action No.: 1:23-cv-10122-PBS |

| | |
|---|---|
| STEVEN CARTER, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>LASTPASS US LLC,<br><br>                      Defendant. | Civil Action No.: 1:23-cv-10092-DJC |
| NATHAN GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, Inc.,<br><br>                      Defendants. | Civil Action No.: 1:23-CV-10320-PBS |
| DAVID ANDREW, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, Inc.,<br><br>                      Defendants. | Civil Action No.: 1:23-cv-10338-PBS |

| | |
|---|---|
| ALAN MURPHY, JR., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>      Defendants. | Civil Action No.: 1:23-cv-10415-PBS |
| DENISE REMHOFF, individually and on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>      Defendants. | Civil Action No.: 1:23-CV-10493-PBS |
| STEVEN LINTHICUM, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>LASTPASS US LP,<br><br>      Defendant. | Civil Action No.: 1:23-cv-10502-PBS |

# [PROPOSED] AMENDED PRETRIAL ORDER NO. 1 (CONSOLIDATING RELATED ACTIONS AND APPOINTING INTERIM CLASS COUNSEL)

The Court has reviewed the Motion to Consolidate Cases and Appoint Interim Class Counsel and Memorandum of Law in support thereof submitted by Plaintiffs Debt Cleanse Group Legal Services, LLC, John Doe, and R. Andre Klein (the "Motion"), as well as the accompanying declarations of counsel and exhibits, and has determined that consolidation of related actions and appointment of interim co-lead class counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Debt Cleanse Group Legal Services LLC, et al. v. GoTo Technologies USA, Inc, et al.*, Case No. 1:22-cv-12047-PBS; *John Doe, et al. v. LastPass U.S. L.P.*, Case No. 1-23-cv-10004-PBS; *R. Andre Klein v. LastPass US LP, et al.*, Case No. 1:23-cv-10122-PBS; and *Steven Carter v. LastPass US LLC*, Case No. 1:23-cv-10092-DJC; *Nathan Goldstein v. LastPass US LP*, Case No. 1:23-cv-10320-PBS; *David Andrew v. LastPass US LP*, Case No. 1:23-cv-10338-PBS; *Alan Murphy, Jr. v. LastPass US LP*, Case No. 1:23-cv-10415-PBS; *Denise Remhoff v. LastPass US LP*, Case No. 1:23-cv-10493-PBS; and *Steven Linthicum v. LastPass US LP*, Case No. 1:23-cv-10502-PBS, under the docket number of this first filed case: 1:22-cv-12047-PBS ("Master Docket"), and under the new title "*In re LastPass Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").

2. No further filings shall be made in Case Nos. 1:23-cv-10004, 1:23-cv-10122-PBS, 1:23-cv-10092-DJC, 1:23-cv-10320-PBS, 1:23-cv-10338-PBS, 1:23-cv-10415-PBS, 1:23-cv-10493-PBS, and 1:23-cv-10502-PBS, which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint

shall be filed within the next thirty (30) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.  All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4.  Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the clerk shall:

   a.  Place a copy of this Order in the separate docket for such action;

   b.  Serve on plaintiff's counsel in the new case a copy of this Order;

   c.  Direct this Order to be served upon defendant(s) in the new case; and

   d.  Make the appropriate entry on the Master Docket.

5.  The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.  Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within thirty (30) days of this Order. Defendants shall have (30) days from the date on which Plaintiffs file the consolidated complaint to file a response thereto. In the event that Defendants' response is a motion to dismiss, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendants shall have twenty-one (21) days to file a reply brief. Defendants are granted leave of court pursuant to Local Rule 7.1(b)(3) to file a reply brief in support of their motion to dismiss.

**IT IS FURTHER ORDERED**, that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, the following are

appointed and shall serve as Plaintiffs' Interim Co-Lead Class Counsel, in accordance with Federal Rule of Civil Procedure 23(g)(3):

1. Nathaniel L. Orenstein
   Berman Tabacco
   1 Liberty Square
   Boston, MA  02109

2. Nicholas A. Migliaccio
   Migliaccio & Rathod LLP
   412 H Street NE, Ste. 302
   Washington, DC 20002

   and

3. Thomas A. Zimmerman, Jr.
   Zimmerman Law Offices, P.C.
   77 W. Washington St., Ste 1220
   Chicago, IL 60602

**IT IS FURTHER ORDERED** that Plaintiffs' Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to supervise the activities of plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties and sole authority to:

A. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

B. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of plaintiffs and the putative class on matters arising during the pretrial proceedings;

C. Coordinate and conduct discovery on behalf of plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local

    Rules of the United States District Court for the District of Massachusetts;

D. Consult with and employ consultants and/or expert witnesses;

E. Draft and file a motion for class certification on behalf of plaintiffs and the putative class;

F. Conduct all pre-trial proceedings on behalf of plaintiffs and the putative class;

G. Enter into stipulations and agreements with defendants;

H. Sign all papers filed on behalf of plaintiffs and the putative class;

I. Convene meetings of all plaintiffs' counsel, as necessary;

J. Form task-specific subcommittees of plaintiffs' counsel, as appropriate;

K. Conduct settlement negotiations with defendants;

L. Maintain an up-to-date service list of all plaintiffs' counsel for all Consolidated Cases, and promptly advise the Court and defendant's counsel of changes thereto;

M. Receive and distribute to plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from defendant's counsel or the Court that are not electronically filed;

N. Appear at Court-noticed status conferences and hearings;

O. Be the contact persons for all plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

P. Delegate specific tasks to other plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for plaintiffs and the putative class is conducted effectively, efficiently, and economically;

Q. Otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as

authorized by further Order of the Court;

R.  Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in cam*era reports to the Court regarding time billed in the prosecution of this action;

**IT IS FURTHER ORDERED** that there will be an Executive Committee of Plaintiffs' counsel and that the Executive Committee shall assist and consult with Interim Co-Lead Class counsel in supervising the activities of Plaintiffs' counsel and performing the duties and responsibilities set forth in A. through R. of the preceding paragraph. Interim Co-Lead Class Counsel may add members to the Executive Committee from time to time without the necessity of obtaining court approval. The Executive Committee shall consist of the following members:

1. David Pastor
   Pastor Law Office, PC
   63 Atlantic Avenue, 3d Floor
   Boston, MA 02110

2. Francis A. Bottini, Jr.
   Bottini & Bottini
   7817 Ivanhoe Ave., Suite 102
   La Jolla, CA 92037

3. Marc E. Dann
   Dann Law
   1500 Madison Ave.
   Lakewood, Ohio 44107

4. Laura Van Note
   Cole & Van Note
   555 12th St., Suite 1725
   Oakland, CA 94607

5. Michael Kind
   Kind Law
   8860 S. Maryland Pkwy, Suite 106
   Las Vegas, NV 89123

**IT IS FURTHER ORDERED** that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order. Interim Co-Lead Class Counsel will staff the case efficiently on an as-needed basis, with staff of appropriate seniority, skill set, and expertise; it is further **ORDERED** that the mere communication of otherwise privileged information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation; it is further **ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of Massachusetts.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**SO ORDERED.**

                                                                            _____
                                                                            Hon. Patti B. Saris
                                                                            United States District Judge

Dated: _____, 2023

**CERTIFICATE OF SERVICE**

    The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: March 6, 2023                             */s/ David Pastor*
                                                                   David Pastor