# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE REMHOF, individually and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>        Defendants. | Civil Action No. 1:23-cv-10493-PBS |
| DEBT CLEANSE GROUP LEGAL SERVICES, LLC, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GOTO TECHNOLOGIES USA, INC. and LASTPASS US LP,<br><br>        Defendants. | Civil Action No. 1:22-cv-12047-PBS |
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LASTPASS US LP,<br><br>        Defendant. | Civil Action No. 1:23-cv-10004-PBS |

| | |
|---|---|
| R. ANDRE KLEIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LASTPASS US LP, and GOTO TECHNOLOGIES USA, INC.,<br><br>    Defendants. | Civil Action No. 1:23-cv-10122-PBS |
| STEVEN CARTER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LASTPASS US LLC,<br><br>    Defendant. | Civil Action No. 1:23-cv-10092-DJC |
| NATHAN GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>    Defendants. | Civil Action No. 1:23-cv-10320-PBS |

| | |
|---|---|
| DAVID ANDREW, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>        Defendants. | Civil Action No. 1:23-cv-10338-PBS |
| ALAN MURPHY, JR., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, INC.,<br><br>        Defendants. | Civil Action No. 1:23-cv-10415-PBS |
| STEVEN LINTHICUM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LASTPASS US LP,<br><br>        Defendant. | Civil Action No. 1:23-cv-10502-PBS |

**APPLICATION OF MICHAEL R. REESE AND REESE LLP FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL AND KEVIN LAUKAITIS FOR APPOINTMENT AS A MEMBER OF A PLAINTIFFS' STEERING COMMITTEE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**

**INTRODUCTION**

Several firms are applying for leadership in the above-captioned actions. Given the equal caliber of the competing groups, plaintiff Denise Remhof and her counsel, Reese LLP, respectfully request that Your Honor select one firm from each of the competing groups and appoint them as co-lead interim class counsel. Appointing attorneys from the several competing groups would follow the recent trend in data breach cases such as this one, where the Court selects lawyers from competing groups to best serve the interest of the proposed classes. *See, e.g.*, *In re: Blackbaud, Inc. Customer Data Breach Litig.*, No. 3:20-mn-02972-JMC (D.S.C.) ("*Blackbaud*") (attached hereto as Exhibit A); *In re: Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-2879 (D. Md.) ("*Marriott*") (attached hereto as Exhibit B). It is also necessitated by the fact that data breach cases often impact several different classes of people that should have different representation. That is, in fact, the case here, as the data breach impacted businesses (such as that represented in the matter of *Debt Cleanse Group Legal Services, LLC v. GoTo Technologies USA, Inc.*, No. 1:22-cv-12047-PBS (D. Mass.)); consumers from states without specific data breach statutes (such as those represented in *Andrew v. LastPass US LP*, No. 1:23-cv-10338-PBS (D. Mass.), and *Goldstein v. LastPass US LP*, No. 1:23-cv-10320-PBS (D. Mass.)); and consumers from states such as California that have data-breach-specific statutes that provide for statutory damages (such as those represented in *Doe v. LastPass US LP*, No. CGC-23-604214 (Cal. Super. Ct. San Francisco Cty.) (attached hereto as Exhibit C)). Moreover, this proposal is consistent with the guiding principle this Court follows -- that the appointment of a co-lead group should be considered on a "case-by-case basis." *Emerson v. Genocea Biosciences, Inc.*, No. 17-cv-12137-PBS, 2018 WL 839382, at *5 (D. Mass. Feb. 12, 2018) (Saris, J.). Given the unique facts and proposed classes asserted in this case, a leadership group of attorneys picked by the Court would serve the best interests of the proposed classes.

Michael Reese hereby respectfully seeks appointment as one of the co-lead interim class counsel because it brings the necessary experience, skill, and dedication to this litigation to effectively represent the proposed class members. Equally important, ***Reese LLP has the first case on file representing California consumers impacted by the data breach, in which it will seek statutory damages on behalf of these California consumers—which, by far, are the largest group of consumers impacted by the data breach***. This matter on behalf of the California class is pending in California state court in San Francisco County (the "California State Court Action").[1] As counsel in both the *Remhof* matter before your Honor and as counsel in the California State Court Action, only Reese LLP can coordinate between the two matters.

Finally, as discussed below, Reese LLP and its co-counsel Laukaitis Law Firm are the only firms to have engaged in written settlement discussions with Defendants, LastPass and GoTo Connect, on behalf of consumers. This factor also underscores why Reese LLP should be appointed as one of the interim co-lead counsel.

Reese LLP has extensive experience throughout the United States in consumer protection class action litigation, including data breach and privacy-related class actions.[2] Reese LLP has more than sufficient resources to lead this litigation and is committed to prosecuting this action for the benefit of the proposed class members, whether that entails extensive discovery, a jury trial, and/or the negotiation and execution of a class-wide settlement. Reese LLP also brings important diversity in areas such as geography, ethnicity, gender, and experience. Accordingly, Reese LLP hereby respectfully requests to be appointed as co-lead counsel.

---

[1] The California State Court Action was filed in California state court in case Defendants raises the argument in any of the federal cases that there is no Article III standing for consumers to pursue their claims. Such an Article III argument does not apply in California state court.

[2] A copy of the the firm resume of Reese LLP is attached hereto as Exhibit D.

**ARGUMENT**

I. **Legal Standard**

A court may appoint interim co-lead class counsel before deciding whether the action may be certified as a class. Fed. R. Civ. P. 23(g)(3).

In determining the most appropriate and effective leadership structure and who best to appoint to leadership roles, courts often consider the standards set forth in the Manual for Complex Litigation, Fourth (2004) ("MCL" or "Manual"); *see Malden Trans., Inc. v. Uber Tech., Inc.*, 323 F.R.D. 118, 120 (D. Mass. 2017) (citing MCL § 10.221 (2004)). The Manual explains that the type of organizational structure most appropriate may vary depending on the specific facts of the case. MCL § 10.221. For example, lead counsel "act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court," and in all other substantive, procedural, and strategic matters. *Id.* By contrast, liaison counsel is typically responsible for more administrative matters, and they usually have offices in the same locality as the court. *Id.* And courts sometimes appoint a steering committee, which is "most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Id.* In any type of structure, courts evaluate "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." MCL § 10.224.

In determining which counsel is best suited to act as interim class counsel, courts "have frequently appointed more than one firm" when it is in the best interests of the proposed class members to do so. *Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) (collecting cases).

**II.     The Court Should Appoint Michael Reese as One of the Co-Lead Interim Class Counsel**

    **A.     A Structure of Co-Lead Counsel from Different Groups Will Ensure the Best Representation for the Class**

Courts routinely appoint up to four firms from competing groups to act as co-lead interim counsel. For example, in *Blackbaud*, the court took applications from 19 individuals for a leadership position. The court then selected four individuals from four different firms to act as co-lead counsel. Ex. A at 1-2. The court selected a fifth individual from another firm to act as liaison counsel. *Id.* at 3. Finally, an additional 7 individuals were selected to act as the Plaintiff's Steering Committee. This structure drew on multiple groups, ensuring broad representation of the plaintiffs.

Additionally, in *Marriott*, the court was faced with distinct groups of plaintiffs (*i.e.*, consumer, financial institution, derivative action, and securities action), consolidated into a single action. In response, the court appointed co-lead counsel for each group, including three counsel for the consumers, two for the financial institutions, two for the derivative action, and four counsel from the same firm for the securities action. Ex. B at 2-3. This structure ensured each group was adequately represented in the leadership for case.

The same approach makes sense in the present suit. In this case, there are currently several different groups of plaintiffs. For example, the *Debt Cleanse Group Legal Services LLC* action represents the interests of commercial customers, while *Goldstein* represents the interests of class members. And while both actions seek to represent nationwide classes, not all of Defendants' customers have the same legal rights.

Specifically, Defendants' customers in California have specific statutory claims under the California Consumer Privacy Act, Cal. Civ. Code § 1798.100 *et seq.* ("CCPA"), which are not available to the other consumer plaintiffs who do not reside in California. Along with the plaintiff and the proposed class in *Remhof v. LastPass US LP*, No. 1:23-cv-10493-PBS (D. Mass), which

4

is currently pending before your Honor, Reese LLP and the Laukaitis Law Firm also represent California consumers in the California State Court Action. *See Doe v. LastPass U.S. LLC*, No. CGC-23-604214 (Cal. Super. Ct. San Francisco Cty.). Because this is the only action filed on behalf of California consumers in California, Reese LLP and the Laukaitis Law Firm are the only firms in a position to coordinate between the cases before Your Honor and the California State Court Action to protect those specific California consumer rights.[3] As such, to create the judicial efficiency consolidation is intended to achieve,[4] while simultaneously protecting these California consumers' statutory rights, the Court should appoint Mr. Reese as co-lead counsel and Mr. Laukaitis to a Plaintiff's Steering Committee.

---

[3] While CCPA claims are not in the current *Doe* complaint, the *Doe* plaintiff is awaiting the elapse of the 30 day notice period before amending to include those claims. That period will elapse, and the *Doe* plaintiff will amend, on March 23, 2023. Thus, as of the date of the hearing on the present motion, those claims will be pending.

[4] Because the present motion to consolidate is based on Federal Rule of Civil Procedure 42, *see Debt Cleanse Grp. Legal Servs., LLC*, ECF No. 27 at 1, the Court does not have the power to consolidate the state court action. *See Driver v. Kern Cnty Super. Ct.*, No. 2:20-cv-01665-TLN-KJN-P, 2022 WL 17629299, at *7 (E.D. Cal. Dec. 13, 2022) ("The court is not authorized to consolidate the instant action with a case proceeding in state court."); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382 (3d. ed. Nov. 2018) ("a court may not consolidate an action pending in federal court with an action pending in state court").

### B.    Mr. Reese Is Exceptionally Experienced in this Area and Satisfies the Rule 23(g) Requirements

Michael R. Reese is a former prosecutor from the Manhattan District Attorney's Office. He is a member of both the California and New York bars, and he has been litigating consumer class actions for two decades in both states, as well as other jurisdictions throughout the United States. Mr. Reese is also the founder of Reese LLP, a class action law firm that has litigated class actions on behalf of consumers since 2008. With offices in New York, Minnesota, and California, Reese LLP is comprised of a diverse team of skilled attorneys who have achieved significant results on behalf of consumers for over a decade.

Mr. Reese is a respected leader in class action litigation, having extensive experience litigating consumer class actions throughout the United States. Mr. Reese has been the court appointed co-lead class counsel in a number of class actions in which there have been several plaintiffs' attorneys competing for leadership, including, but not limited to: *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Products Liability Litig.,* Master Case No. 1:21-cv-04447 (N.D. Ill.); *In re Fairlife Milk Products Marketing and Sales Practices Litig.*, Master Case No. 1:19-cv-03924 (N.D. Ill.); and, *In re Hills Pet Nutrition Sales and Marketing and Products Liability Litig.*, No. 2:19-md-02887-JAR-TJJ (D. Kan.). Furthermore, Mr. Reese also has been appointed as class counsel in numerous other class actions, including, but not limited to: *Mitchell v. Intero Real Estate Services*, No. 5:18-cv-05623-BLF (N.D. Cal.); *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.); *Red v. Unilever United States, Inc.*, No. 5:10-cv-00387 (N.D. Cal.); and, *Wong v. Alacer Corp.* (Cal. Super. Ct. San Francisco Cty.).

Mr. Reese has successfully litigated numerous class actions in which he has been appointed as class counsel, resulting in hundreds of millions of dollars of recovery for consumers, as well as significant injunctive relief that required companies to change their practices.

In addition to being a litigator, Mr. Reese is an active participant in the class action community. Mr. Reese is an adjunct professor of law at Brooklyn Law School, where he has taught the "The Law of Class Actions and Other Aggregate Litigation" since 2014. Mr. Reese is also a frequent author on class actions, with articles appearing in publications by the American Bar Association, the Union Internationale des Advocats, and the Illinois State Bar. Mr. Reese also hosts or participates in a number of class-action-related conferences, including those organized by Cambridge Forum, the Litigation Series, and CLE International.

Recent achievements by Mr. Reese in class actions include a $21 million settlement in the *In re Fairlife Milk Products Marketing and Sales Practices Litigation* and a $12.5 million dollar class settlement in the *In re Hills Pet Food Sales and Marketing and Product Liability Litigation.*

Mr. Reese also is an accomplished appellate lawyer, having argued successfully before the Second, Seventh, and Ninth Circuit Courts of Appeal. Recent appellate victories by Mr. Reese include *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018); *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350 (7th Cir. 2017) (applicability of class action removal under CAFA); and *Murphy v. Best Buy Stores L.P.*, 690 F. App'x 553 (9th Cir. 2017).

Finally, as noted above, Mr. Reese, along with his co-counsel Mr. Laukaitis, is the only attorney to have engaged in settlement discussions on behalf of consumers with Defendants, LastPass and GoTo Connect, which have included the provision of a draft term sheet that includes both monetary and injunctive relief components. The fact that Reese LLP undertook this effort underscores its dedication to this matter and illustrates its initiative. It also demonstrates the ability of Mr. Reese and his firm to work cooperatively with opposing counsel. *See* MCL § 10.224 (explaining courts will consider "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court").

### C. Kevin Laukaitis of Laukaitis Law Firm Should Be Appointed to a Plaintiffs' Steering Committee

Kevin Laukaitis is the owner and founding member of Laukaitis Law Firm LLC.[5] Laukaitis Law Firm is a class action law firm based in Philadelphia, Pennsylvania, specializing in a variety of complex litigation matters affecting consumers, including consumer protection, fraud, mislabeling, data breach, and breach of contract. With his career rising, Mr. Laukaitis has already recovered over $75 million to classes of consumers nationwide. While only in his eighth year of practice, Mr. Laukaitis has played prominent roles in numerous class actions nationwide, including data breach cases.

Mr. Laukaitis served as class counsel in *Quezada v. Arbitersports, LLC*, No. 2:20-cv-05193 (E.D. Pa.), a data breach class action that resulted in a class-wide settlement of the claims of over 500,000 class members impacted by the breach. He is also involved in several other ongoing data breach class actions. Mr. Laukaitis has also served as class counsel or co-lead counsel in a variety of other class action cases, including within this District. *See, e.g.*, *Dill v. Palmco Energy MA LLC*, No. 1:19-cv-10983 (D. Mass.) (appointed class counsel and achieved a class-wide settlement for thousands of Massachusetts residents who overpaid for electricity). Mr. Laukaitis also serves on the Executive Committee, which is co-led by Mr. Reese, in the *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Products Liability Litig.*, Master Case No. 1:21-cv-04447 (N.D. Ill.). Accordingly, Mr. Laukaitis is qualified to be appointed to a Plaintiffs' Steering Committee.

---

[5] Mr. Laukaitis' Resume is attached as Exhibit E.

**CONCLUSION**

A leadership structure of attorneys picked by the Court is the most appropriate and effective means of organizing counsel for the different groups of plaintiffs in this case, which include commercial entities and individual consumers. And appointment of Michael R. Reese of Reese LLP as one of the co-lead interim class counsel will well serve the interests of consumers, including the large number of California consumers who make up the majority of those affected by the data breach at issue, and who have California-specific rights that need protection.

Mr. Reese is a skilled, hands-on, dedicated attorney with extensive experience in class action cases involving competing leadership, and he represents plaintiffs both in this case in Massachusetts and in the California State Court Action. There is no better choice to ensure the effective representation of the proposed class members than this Court appointing Michael Reese to litigate this case as one of the co-lead interim counsel. Therefore, we respectfully request that the Court grant this application for appointment of co-lead interim class counsel.

Dated: March 6, 2023

Respectfully submitted,

*/s/ Michael R. Reese*
Michael R. Reese
**REESE LLP**
100 West 93rd Street
New York, New York 10025
Telephone: 212-643-0500
*mreese@reesellp.com*

Kevin Laukaitis
**LAUKAITIS LAW FIRM LLC**
737 Bainbridge Street, #155
Philadelphia, Pennsylvania 19147
Telephone: (215) 789-4462
*klaukaitis@laukaitislaw.com*

Counsel for Plaintiffs
in the *Remhof* and California State Court Actions