UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBT CLEANSE GROUP LEGAL SERVICES, LLC, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>    v. <br><br> GOTO TECHNOLOGIES USA, INC. and LASTPASS US LP, <br><br>         Defendants. | Civil Action No.: 1:22-cv-12047-PBS |
| JOHN DOE, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>    v. <br><br> LASTPASS US LP, <br><br>         Defendant. | Civil Action No.: 1:23-CV-10004-PBS |
| R. ANDRE KLEIN, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>    v. <br><br> LASTPASS US LP, and GOTO TECHNOLOGIES USA, INC., <br><br>         Defendants. | Civil Action No.: 1:23-cv-10122-PBS |

| | |
|---|---|
| STEVEN CARTER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LASTPASS US LLC,<br><br>      Defendant. | Civil Action No.: 1:23-cv-10092-DJC |
| NATHAN GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, Inc.,<br><br>      Defendants. | Civil Action No.: 1:23-CV-10320-PBS |
| DAVID ANDREW, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LASTPASS US LP and GOTO TECHNOLOGIES USA, Inc.,<br><br>      Defendants. | Civil Action No.: 1:23-cv-10338-PBS |

ALAN MURPHY, JR., individually and on
behalf of all others similarly situated,

                Plaintiff,

      v.

LASTPASS US LP and GOTO
TECHNOLOGIES USA, INC.,

             Defendants.

Civil Action No.: 1:23-cv-10415-PBS

---

DENISE REMHOFF, individually and on
behalf of herself and all others similarly
situated,

                Plaintiff,

      v.

LASTPASS US LP and GOTO
TECHNOLOGIES USA, INC.,

             Defendants.

Civil Action No.: 1:23-CV-10493-PBS

---

STEVEN LINTHICUM, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

LASTPASS US LP,

             Defendant.

Civil Action No.: 1:23-cv-10502-PBS

## [PROPOSED] AMENDED PRETRIAL ORDER NO. 1 (CONSOLIDATING RELATED ACTIONS AND APPOINTING INTERIM CLASS COUNSEL)

The Court has reviewed the Motion to Consolidate Cases and Appoint Interim Class Counsel and Memorandum of Law in support thereof submitted by plaintiffs Debt Cleanse Group Legal Services, LLC, John Doe, and R. Andre Klein (the "Motion"), as well as the accompanying declarations of counsel and exhibits, and has determined that consolidation of related actions and appointment of interim co-lead class counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.      Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Debt Cleanse Group Legal Services LLC, et al. v. GoTo Technologies USA, Inc, et al.*, Case No. 1:22-cv-12047-PBS; *John Doe, et al. v. LastPass U.S. L.P.*, Case No. 1-23-cv-10004-PBS; *R. Andre Klein v. LastPass US LP, et al.*, Case No. 1:23-cv-10122-PBS; *Steven Carter v. LastPass US LLC*, Case No. 1:23-cv-10092-DJC; *Nathan Goldstein v. LastPass US LP*, Case No. 1:23-cv-10320-PBS; *David Andrew v. LastPass US LP*, Case No. 1:23-cv-10338-PBS; *Alan Murphy, Jr. v. LastPass US LP*, Case No. 1:23-cv-10415-PBS; *Denise Remhoff v. LastPass US LP*, Case No. 1:23-cv-10493-PBS; and *Steven Linthicum v. LastPass US LP*, Case No. 1:23-cv-10502-PBS, under the docket number of this first filed case: 1:22-cv-12047-PBS ("Master Docket"), and under the new title "*In re LastPass Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").

2.      No further filings shall be made in Case Nos. 1:23-cv-10004, 1:23-cv-10122-PBS, 1:23-cv-10092-DJC, 1:23-cv-10320-PBS, 1:23-cv-10338-PBS, 1:23-cv-10415-PBS, 1:23-cv-10493-PBS, and 1:23-cv-10502-PBS, which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint

shall be filed within the next forty-five (45) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.      All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4.      Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days.  If the Court determines that the case is related, the clerk shall:

      a.      Place a copy of this Order in the separate docket for such action;

      b.      Serve on plaintiff's counsel in the new case a copy of this Order;

      c.      Direct this Order to be served upon defendant(s) in the new case; and

      d.      Make the appropriate entry on the Master Docket.

5.      The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.      Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of this Order. Defendants shall have forty-five (45) days from the date on which plaintiffs file the Consolidated Complaint to file a response thereto. In the event that defendants' response is a motion to dismiss, plaintiffs shall have thirty-five (35) days to file their opposition brief, and defendants shall have twenty-one (21) days to file a reply brief. Defendants are granted leave of court pursuant to Local Rule 7.1(b)(3) to file a reply brief in support of their motion to dismiss.  The dates for the technology tutorial and oral argument on the motion to dismiss will be determined by the Court.

**IT IS FURTHER ORDERED**, that, having given due consideration to the relevant factors

set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding

that the proposed counsel meet the adequacy requirements thereunder, the following are appointed

and shall serve as overall Plaintiffs' Interim Co-Lead Class Counsel, in accordance with Federal

Rule of Civil Procedure 23(g)(3):

1.  Amy Keller
    DiCello Levitt LLC
    Ten North Dearborn Street, Sixth Floor
    Chicago, IL 60602

2.  Nathaniel L. Orenstein
    Berman Tabacco
    1 Liberty Square
    Boston, MA 02109

3.  Nicholas A. Migliaccio
    Migliaccio & Rathod LLP
    412 H Street NE, Ste. 302
    Washington, DC 20002

Separately, and solely as to claims arising under California statutory law, the Court appoints as Interim Co-Lead Counsel for the California Sub-Class:

Michael R. Reese
REESE LLP
100 West 93rd Street
New York, NY 10025

Plaintiffs' Interim Co-Lead Class Counsel will be responsible for and have plenary authority

to prosecute any and all claims of plaintiffs and the putative class and to provide general supervision

of the activities of plaintiffs' counsel in the Consolidated Action (except with respect to Mr. Reese

who shall serve in these roles solely with respect to any claims arising under California statutory

law). Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties

and sole authority to:

a.  Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

6

b.  Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of plaintiffs and the putative class on matters arising during the pretrial proceedings;

c.  Coordinate and conduct discovery on behalf of plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts;

d.  Consult with and employ consultants and/or expert witnesses;

e.  Draft and file a motion for class certification on behalf of plaintiffs and the putative class;

f.  Conduct all pre-trial proceedings on behalf of plaintiffs and the putative class;

g.  Enter into stipulations and agreements with defendants;

h.  Sign all papers filed on behalf of plaintiffs and the putative class;

i.  Convene meetings of all plaintiffs' counsel, as necessary;

j.  Form task-specific subcommittees of plaintiffs' counsel, as appropriate;

k.  Conduct settlement negotiations with defendants;

l.  Maintain an up-to-date service list of all plaintiffs' counsel for all Consolidated Cases, and promptly advise the Court and defendant's counsel of changes thereto;

m.  Receive and distribute to plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from defendant's counsel or the Court that are not electronically filed;

n.  Appear at Court-noticed status conferences and hearings;

o.  Be the contact persons for all plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.  Delegate specific tasks to other plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.  Otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

7

r.      Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request, in writing, ex parte and in camera reports to the Court regarding time billed in the prosecution of this action;

s.      Fund the necessary and appropriate costs of discovery and other common benefit efforts;

and

t.      Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

**IT IS FURTHER ORDERED** that there will be an Executive Committee of plaintiffs' counsel with two Co-Chairs. The Co-Chairs of the Executive Committee shall participate with Plaintiffs' Interim Co-Lead Class Counsel with equal authority in carrying out Interim Co-Lead Class Counsel's duties to the putative class, and direct the members of the Executive Committee in performing the duties and responsibilities delegated to them and as set forth below. The Co-Chairs of the Executive Committee shall be:

1.      Thomas A. Zimmerman, Jr.
        Zimmerman Law Offices, P.C.
        77 W. Washington St., Ste 1220
        Chicago, IL 60602

2.      James Pizzirusso
        Hausfeld LLP
        888th Street N.W., Suite 300
        Washington, DC 20006

The Executive Committee of plaintiff's counsel shall also include:

3.      Sabita J. Soneji (Executive Committee representative also for the California statutory claims)
        Tycko & Zavareei LLP
        1970 Broadway, Suite 1070
        Oakland, CA 94612

4.      Amber L. Schubert

8

Schubert Jonckheer & Kolbe LLP
2001 Union St, Suite 200
San Francisco, CA 94123

5.    Marc E. Dann
Dann Law
1500 Madison Ave.
Lakewood, OH 44107

6.    Michael Kind
Kind Law
8860 S. Maryland Pkwy, Suite 106
Las Vegas, NV 89123

7.    Laura Van Note
Cole & Van Note
555 12th St., Suite 1725
Oakland, CA 94607

8.    Edward Haber
Shapiro Haber & Urmy LLP
One Boston Place, Suite 2600
Boston, MA 02108

9.    Francis A. Bottini, Jr.
Bottini & Bottini
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037

The Executive Committee's responsibilities include, but are not limited to, the following:

a.    Work with other leadership counsel in the efficient prosecution of plaintiffs' claims and carry out such duties and responsibilities as appropriate;

b.    Participate in common benefit work to advance the litigation, assigned and performed under the direction of Co-Lead Interim Class Counsel and the Co-Chairs of the Executive Committee;

c.    Meet and confer with Co-Lead Interim Class Counsel and the Co-Chairs of the Executive Committee as needed to consult on any matter germane to this litigation;

d.    Conduct and coordinate discovery in an efficient manner;

e.     Prepare periodic status reports summarizing the Executive Committee's work and progress, to be submitted to Liaison Counsel (defined below) for prompt distribution among plaintiffs' counsel; and

f.     Perform such other functions necessary to effectuate these responsibilities, as directed by Co-Lead Interim Class Counsel and the Co-Chairs of the Executive Committee, or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Co-Lead Interim Class Counsel and the Executive Committee. The Court recognizes changes to the Executive Committee's organization may be necessary as the litigation progresses and new details emerge.

The Executive Committee may organize subcommittees or other structures as necessary to aid in effective and efficient litigation as necessary. The Executive Committee may also delegate common benefit work responsibilities to other counsel, including those not appointed to a specific leadership position as part of this Order, as may be required for the common benefit of plaintiffs. To the extent non-leadership counsel's skill set or existing infrastructure will maximize the efficiency of this litigation, the Court encourages the Executive Committee to delegate common benefit work to non-leadership counsel at the Executive Committee's election. However, no common benefit work may be performed by non-leadership counsel without prior approval from Co-Lead Interim Class Counsel or the Co-Chairs of the Executive Committee.

**IT IS FURTHER ORDERED** that there will be Liaison Counsel for plaintiffs who shall also serve as a member of the Executive Committee. Liaison Counsel shall be:

Edward F. Haber
Shapiro Haber & Urmy LLP
One Boston Place, Suite 2600
Boston, MA 02108

Liaison Counsel's responsibilities include, but are not limited to, the following:

    a.    Act as the primary contact between the Court and plaintiffs' counsel;

    b.    Maintain an up-to-date comprehensive Service List of plaintiffs and promptly advise the Court and defense counsel of any changes to plaintiffs' Service List;

    c.    Receive and distribute to plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court to the extent such documents are not electronically filed;

    d.    Receive and distribute to plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from opposing counsel that are not electronically filed;

    e.    Establish and maintain a document depository;

    f.    Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

    g.    Assist other leadership counsel in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

    h.    Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in actions later instituted in, removed to, or transferred to these proceedings; and

    i.    Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

**IT IS FURTHER ORDERED** that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel and the Co-Chairs of the Executive Committee, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of Massachusetts.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**SO ORDERED.**

Hon. Patti B. Saris
United States District Judge

Dated: 4\18\23, 2023