# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re LastPass Data Security Incident Litigation* | Case No. 1:22-cv-12047-PBS |

## DEFENDANT LASTPASS US LP'S RESPONSE TO PLAINTIFFS' DISPUTED JOINT STATEMENT REGARDING COORDINATION

Defendant LastPass US LP ("LastPass") respectfully submits this response to Plaintiffs' Disputed Joint Statement Regarding Coordination (ECF No. 132) to state LastPass's position on coordination:

1.	By way of background, on July 19, 2024, the Court held a status conference to address coordination of the above captioned action, *In re LastPass Data Security Incident* (the "Consolidated Action"), with *Beckerman et al. v. LastPass US LP*, No. 1:24-cv-10874-PBS (the "*Beckerman* Action"). (ECF No. 124.)

2.	At the status conference, following the Court's direction, all parties seemed to agree that the *Beckerman* Action should be stayed during the pendency of the Consolidated Action to promote judicial economy and avoid inconsistent adjudication. All parties also seemingly agreed that, notwithstanding the stay, the *Beckerman* Plaintiffs could obtain copies of discovery produced in the Consolidated Action, in an effort to streamline discovery in the *Beckerman* Action if and when the Court lifts the stay in that case.

3.	The Court ordered the parties to file a joint proposal regarding such coordination by August 2, 2024; the deadline was later extended, at the request of the parties, until August 13, 2024. (ECF Nos. 126, 129.)

4.	On August 13, 2024, Plaintiffs' counsel in the Consolidated Action and *Beckerman* Action, together, filed a Disputed Joint Statement Regarding Coordination, which informed the

Court that the parties could not reach an agreement on coordination. (ECF No. 132, the "Joint Statement".)

5.      The Joint Statement, which was neither provided to nor discussed with LastPass before its filing, sets forth the Consolidation Action Plaintiffs' and *Beckerman* Plaintiffs' contrasting positions on coordination. But it does not set forth LastPass's position, other than to note that "Defendant does not oppose entry of Proposed CMO #2." (ECF No. 132 at 2.) The Consolidation Action Plaintiffs provided LastPass a copy of the Proposed CMO #2, which LastPass reviewed and does not oppose.

6.      Before the filing of the Joint Statement, LastPass was aware that the Consolidated Action Plaintiffs and *Beckerman* Plaintiffs had not reached an agreement on sharing discovery, including corresponding costs. Nonetheless, it was LastPass's understanding that all parties still supported a stay of the *Beckerman* Action, as well as any later-filed related actions, while the earlier-filed Consolidated Action was pending. LastPass understood that the two plaintiff groups would continue to work out the details of any discovery-related cost allocation among themselves.

7.      Based on the Joint Statement, however, the *Beckerman* Plaintiffs now oppose a stay due to their unresolved disagreement with the Consolidated Action Plaintiffs over the allocation of discovery costs. (ECF No. 132 at 3: "Following the status conference of July 19, 2024, counsel for the *Beckerman* Plaintiffs and Co-Lead Class Counsel for the putative class met and conferred but Co-Lead Counsel would not allow access to discovery or for counsel for the *Beckerman* Plaintiffs to participate in discovery efforts unless the *Beckerman* Plaintiffs agreed to give Co-Lead Class Counsel an entitlement to their recovery.").

8.      The *Beckerman* Plaintiffs now ask to proceed with their case, separate from and contemporaneous with the Consolidated Action, under their case's originally assigned docket

2

number (*Id.* at 4.) Yet they also ask the Court to order all parties to meditation, presumably together. They further contend that allowing their case to proceed will not lead to potentially inconsistent judicial rulings because they will amend their complaint to conform to the Court's Order granting in part and denying in part Defendants' motion to dismiss in the Consolidated Action. (*Id.* at 4-5.) But even if the *Beckerman* Plaintiffs try to mirror the Consolidated Action, that does not deprive LastPass of the right to challenge their pleading with a motion to dismiss in the *Beckerman* Action.

9.      Tellingly, the Joint Statement previews the inefficiencies and inconsistencies that will arise if these cases proceed on contemporaneous and likely intertwining paths. For instance, the parties could not even work together to submit a joint proposal that all but seemed agreed upon at the July 19 status conference. Apparently, a dispute over money has derailed that agreement— specifically deciding who pays for what, how and when. But respectfully, LastPass submits that such disagreement can be resolved, either later by the plaintiff groups themselves or by the Court, and should not take precedence over judicial economy.

10.      Thus, LastPass reaffirms its support of a stay of the *Beckerman* Action and any later-filed related actions during the pendency of the Consolidated Action. And, as represented by undersigned counsel at the July 19 status hearing, LastPass agrees to share discovery it produces in the Consolidated Action with the *Beckerman* Plaintiffs, regardless of whether the plaintiff groups reach an agreement on cost allocation.

 Dated: August 16, 2024

/s/ Christopher A. Wiech
Christopher A. Wiech
(*Admitted Pro Hac Vice*)
Chelsea Lamb
(*Admitted Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400

Atlanta, Georgia 30309-7676
Tel. 404.946.9814
Email: cwiech@bakerlaw.com
Email: clamb@bakerlaw.com

Aaron Charfoos
(*Admitted Pro Hac Vice*)
**PAUL HASTINGS, LLP**
71 South Wacker Drive
Suite 4500
Chicago, IL 60606
Tel: (312) 499-6016
Fax: (312) 499-6116
Email: aaroncharfoos@paulhastings.com
Raymond P. Ausrotas
William McGonigle
**ARROWOOD LLP**
10 Post Office Square
7th Floor South
Boston, Massachusetts 02109
Tel: 617.849.6212
Fax: (617) 849-6201
Email: rausrotas@arrowoodllp.com
Email: wmcgonigle@arrowoodllp.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of August 2024, pursuant to Local Rule 5.2(b), I caused a true and correct copy of the foregoing document to be served upon all counsel of record via this Court's CM/ECF system.

/s/ Christopher A. Wiech
Christopher A. Wiech