**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| *In Re: LastPass Data Security Incident Litigation*, ) ) ) ) ) ) ) ) ) ) ) | **Case No.: 1:22-cv-12047-PBS** **Hon. Patti. B. Saris** |

**DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT**

We, Nathaniel Orenstein, Amy Keller, and Nicholas Migliacio, Interim Co-Lead Counsel for the Class, and Michael Reese, Interim Co-Lead Counsel for California Subclass members, declare pursuant to 28 U.S.C. § 1746 as follows:

1. Interim Co-Lead Counsel submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed Class Action Settlement Agreement and Release with Defendant LastPass US LP and non-defendants GoTo Technologies USA, LLC, Elliott Investment Management L.P., Francisco Partners Management, L.P., and Francisco Partners Consulting, LLC (the "Settlement Agreement").

2. Nathaniel Orenstein is a partner with the law firm of Berman Tabacco in its Boston office. He has extensive experience representing consumers and investors in cases of corporate misconduct.

**Error! Unknown document property name.**

3.      Amy Keller is a partner with the law firm DiCello Levitt LLP, where she serves as Managing Partner of the Chicago office as well as Practice Group Chair of the firm's Privacy, Technology, and Cybersecurity Group.

4.      Nicholas Migliaccio is a founding partner of the firm Migliaccio & Rathod LLP, where he has served as plaintiffs' counsel in class and collective actions related to unfair and deceptive trade practices.

5.      Michael Reese is the founding partner of Reese LLP, where he litigates consumer class actions across a variety of jurisdictions.

6.      The credentials of Mr. Orenstein, Ms. Keller, Mr. Migliaccio, and Mr. Reese are further detailed in their resumes, attached hereto.

7.      They each have personal knowledge of the facts stated herein based on direct involvement in this litigation, our investigation, discovery, and the mediation and settlement negotiations described below. If called as witnesses, they could and would competently testify to the matters set forth herein.

## BACKGROUND AND CASE POSTURE

8.      This case stems from the 2022 data security incident which affected LastPass US LP and its affiliate GoTo Technologies USA, Inc. The Incident[1] occurred through a multi-stage intrusion beginning in or before August 2022, when a threat actor obtained persistent access to LastPass's development environment via a compromised developer account. Plaintiffs allege this

---

[1] All capitalized terms herein have the same meaning as those used in the Settlement Agreement. LastPass disagrees with Plaintiffs' allegations and this declaration does not reflect the views of LastPass, GoTo Technologies, or any of the releasing parties.

2

access enabled the actor to exfiltrate source code and technical information, which was later used to obtain credentials and keys to LastPass's cloud-based storage service.

9. The attacker then leveraged information from the August intrusion to compromise a third-party cloud storage environment used jointly by LastPass and GoTo, culminating in the exfiltration of customer-related metadata and backups of customer vault data in November 2022.

10. A LastPass notice dated December 22, 2022, disclosed that the threat actor obtained a cloud storage access key and dual storage container decryption keys, and copied from backups customer account information (including company and end-user names, billing addresses, email addresses, phone numbers, and IP addresses) as well as copies of customer vault data containing both unencrypted website URLs and encrypted sensitive fields (e.g., website usernames and passwords, secure notes, and form-filled data).

11. While LastPass has maintained that user master passwords remained encrypted, the company acknowledged that the threat actor "may attempt to use brute force to guess" master passwords to decrypt stolen vault copies. Plaintiffs contend this scenario placed users at ongoing risk of harm, given the copying of vault backups and the potential for brute-force attacks on master passwords over an extended period.

12. The scope of compromise was first publicly expanded on November 30, 2022, when LastPass disclosed "unusual activity" in a third-party cloud storage service and stated an unauthorized party, using information from the August event, accessed "certain elements" of customer information; however, the company stated it did not yet know the scope or what specific information was accessed.

13. On December 22, 2022, LastPass disclosed that the threat actor had obtained the company's cloud storage access key and decryption keys, and copied both customer metadata and

a backup of customer vault data, which included unencrypted URLs and encrypted sensitive fields, and warned of brute-force risks against master passwords protecting the stolen vaults. LastPass described ongoing remediation steps, including decommissioning and rebuilding the development environment, hardening developer endpoints and authentication mechanisms, rotating credentials, and adding logging and endpoint detection capacity.

14.    On March 1, 2023, LastPass issued an additional "Security Incident Update and Recommended Actions," attributing initial compromise to a vulnerability in third-party software on an employee's device and acknowledging the data accessed from backups included system configuration data, API and integration secrets, customer metadata, and backups of all customer vault data. LastPass continued to primarily offer prospective best practices rather than concrete mitigation for data already copied from backups.

15.    Plaintiffs contend that Defendants delayed and piecemeal disclosures prevented users from taking timely protective measures, and that, during the months following the breach, users suffered actual harms including identity theft, fraudulent credit activity, credential-stuffing and phishing attempts, and thefts from cryptocurrency wallets whose access keys had been stored in LastPass vaults—proof that the password vault backups were being brute-forced open. These injuries were reasonably traceable to the Incident, particularly given targeted compromises of accounts whose credentials were stored in the password vault backups.

16.    Plaintiffs allege they were LastPass account holders (spanning Consumer Free, Consumer Premium, Consumer Family, and Business accounts) who entrusted LastPass with safeguarding digital credentials and other vault content, and that LastPass failed to implement reasonable data-security measures and to prevent or timely respond to the breach. Each received a notice from LastPass about the Incident. They brought nine different actions related to the Incident,

which were consolidated in the United States District Court for the District of Massachusetts. Those actions include: *Debt Cleanse Group Legal Services, LLC v. GoTo Technologies USA, Inc. & LastPass US LP*, 1:22-cv-12047-PBS (D. Mass.), *John Doe v. LastPass US LP*, 1:23-cv-10004-PBS (D. Mass.), *R. Andre Klein v. LastPass US LP & GoTo Technologies USA, Inc.*, 1:23-cv-10122-PBS (D. Mass.), *Steven Carter v. LastPass US LLC*, 1:23-cv-10092-DJC (D. Mass.), *Nathan Goldstein v. LastPass US LP & GoTo Technologies USA, Inc.*, 1:23-cv-10320-PBS (D. Mass.), *David Andrew v. LastPass US LP & GoTo Technologies USA, Inc.*, 1:23-cv-10338-PBS (D. Mass.), *Alan Murphy, Jr. v. LastPass US LP & GoTo Technologies USA, Inc.*, 1:23-cv-10415-PBS (D. Mass.), *Denise Remhoff v. LastPass US LP & GoTo Technologies USA, Inc.*, 1:23-cv-10493-PBS (D. Mass.), and *Steven Linthicum v. LastPass US LP*, 1:23-cv-10502-PBS (D. Mass.). All nine actions were consolidated into *In re LastPass Data Security Incident Litigation.*

17.  After consolidation, two actions were filed: *Beckerman, Lee, Elamri, and Arnoff v. LastPass US LP*, 1:24-cv-10874-PBS (D. Mass) and *Doe v. LastPass US LP*, 2:25-cv-01096 (W.D. Wash.). *Doe* was stayed by stipulation with LastPass, while *Beckerman* was permitted to advance in parallel to the consolidated class action, and was coordinated for discovery.

18.  The Consolidated Class Action Complaint asserts claims on behalf of a nationwide class of consumer and business users, as well as state-law subclasses, alleging that LastPass and GoTo failed to implement reasonable security measures, misrepresented security practices, and provided deficient and delayed notice, among other theories. Plaintiffs further allege that, had LastPass implemented reasonable data-security measures, the Incident could have been prevented or detected sooner.

19.  The Consolidated Class Action Complaint details Plaintiffs' alleged injuries, including:

a. exposure of sensitive information housed in password vaults;

b. increased risk of identity theft and fraud;

c. time and expense responding to the breach (e.g., password changes, account monitoring, freezing credit);

d. diminution of value in LastPass services; and,

e. direct financial losses and theft of cryptocurrency assets tied to credentials or keys stored in vaults.

20.    In its consolidation order on March 6, 2023, the Court appointed Nathaniel Orenstein, Amy Keller, and Nicholas Micgliaccio as Interim Co-Lead Class Counsel for all plaintiffs in the related actions, and appointed Michael Reese as Interim Co-Lead Counsel for the California Sub-Class.

21.    Following consolidation by this Court, the Parties litigated and engaged in significant discovery and case management. After the Court partially denied LastPass's motion to dismiss, the Parties then proceeded with written discovery, rolling productions, depositions, motion practice on discovery disputes, and negotiations on behalf of the Proposed Class with the assistance of neutrals.  The Parties had substantially completed all written discovery and document production by May 30, 2025, and substantially completed all depositions by June 30, 2025. Plaintiffs had prepared the case to proceed to class certification, including the hiring of experts and preparation of expert reports, when the parties agreed to the Settlement.

## MEDIATION AND SUBSEQUENT NEGOTIATIONS

22.    The Parties commenced settlement discussions in advance of a two-day private mediation before Bruce A. Friedman, Esq., with JAMS, on February 5–6, 2025.

23.     Prior to mediation, the Parties engaged in both formal and informal discovery, in which Plaintiffs propounded certain information requests on LastPass and exchanged extensive information about the Incident. So much discovery had taken place that the only remaining deposition to be taken prior to the resolution of this matter was of LastPaSs's Rule 30(b)(6) designee (which the parties agreed to postpone in the hopes of resolution).  This information was reviewed by Co-Lead Class Counsel and was used to objectively evaluate the strengths and weaknesses for Plaintiffs' and Settlement Class Members' claims.

24.     Despite two days of good faith, hard-fought negotiations, no agreement was reached at the mediation. Thereafter, however, the Parties continued negotiations while litigating and conducting discovery. Over the course of several months, the Parties exchanged written discovery (including a list of every single account holder at the time of the Incident), took depositions, and met and conferred over discovery disputes regarding privilege claims and discovery objections. The Parties also discussed possible amendment of the Complaint, and bringing into the case non-defendants GoTo Technologies USA, LLC, Elliott Investment Management L.P., Francisco Partners Management, L.P., and Francisco Partners Consulting, LLC.

25.     During litigation, the Parties sought the assistance of Magistrate Judge M. Page Kelley, and requested that she convene a settlement conference to assist the Parties in trying to resolve the case. On June 25, 2025, the Parties participated in an all-day settlement conference with her and made additional progress, but ultimately did not resolve the case on that date.

26.     However, at the Magistrate Judge's suggestion, the parties continued to negotiate with her assistance and supervision in an attempt to reach an agreement.

27.     After several months of continued arm's-length negotiations and additional discovery—facilitated by Magistrate Judge Kelley and informed by substantial information exchanges—the Parties executed a term sheet on October 31, 2025.

28.     The Parties then spent additional time negotiating the Settlement details and selecting a notice administrator, which was then finalized into the Settlement Agreement now submitted for preliminary approval.

29.     Settlement negotiations were hard-fought and conducted at arm's length by experienced counsel on both sides, with the benefit of meaningful formal and informal discovery sufficient to enable an intelligent assessment of the claims, defenses, and risks.

## THE SETTLEMENT AGREEMENT PROVIDES
## SIGNIFICANT BENEFITS TO THE CLASS

30.     The Settlement provides comprehensive and meaningful relief to resolve claims arising from the 2022 multi-phased LastPass Data Security Incident, in which a threat actor accessed certain LastPass systems and copied backup storage data. The Settlement resolves all claims against LastPass and related non-defendants—GoTo Technologies USA, LLC, Elliott Investment Management L.P., Francisco Partners Management, L.P., and Francisco Partners Consulting, LLC—without any admission of liability, while preserving the rights of Settlement Class Members who timely opt out, and excluding claims pending in certain related, non-class action suits.

31.     Under the Settlement Agreement, LastPass will fund a non-reversionary $8.2 million Settlement Fund to compensate Settlement Class Members and to pay, subject to Court approval, notice and administration costs, Settlement Class Counsel's attorneys' fees and expenses, CAFA notice expenses, and Service Awards of up to $10,000 per Class Representative.

Remaining funds will be distributed to Settlement Class Members pursuant to the Benefits Plan, with any non-economical remainder directed to a Court-approved *cy pres* recipient; no portion of the Settlement Fund will revert to LastPass.

32.    The Settlement provides several forms of monetary relief to individuals and entities whose LastPass accounts allegedly were compromised or exposed during the Incident, including:

   a.    a $25 statutory payment for qualifying account holders;

   b.    $100 California Consumer Privacy Act statutory damages for eligible California residents;

   c.    reimbursement of up to $300 for documented ordinary losses fairly traceable to the Incident; and

   d.    reimbursement of up to $10,000 for documented extraordinary losses, supported by appropriate documentation and attestations.

33.    If approved claims exceed available funds, payments will be reduced on a *pro rata* basis to ensure equitable allocation.

34.    In addition to monetary compensation, the Settlement provides important In-Kind Relief aimed at mitigating future risk. Consumer Free Account users will receive a complimentary upgrade to a Consumer Premium Account, and all Settlement Class Members submitting Valid Claims may obtain six months of Dark Web Monitoring at no cost and without providing payment information.

35.    The Settlement also establishes a fair and adequate Crypto Pool—separate from the Settlement Fund and up to $16.25 million, inclusive of administration and neutral costs—to compensate cryptocurrency-loss claims allegedly caused by the Incident. Claims will be adjudicated by a Court-appointed Special Master with the assistance of a cryptocurrency-forensics

expert. Eligible claims may receive up to $900,000, subject to *pro rata* reduction if total approved claims exceed the cap. Class Members asserting claims through the Crypto Pool will release any additional crypto-loss claims above $900,000 relating to the Incident.

36.     To ensure robust notice and ease of participation, the Settlement includes a direct Email Notice program, mailed notice where necessary, and a dedicated Settlement Website containing the Long Form Notice, Claim Form, and all Court-approved documents. Epiq Class Action & Claims Solutions, Inc. ("Epiq"), an experienced professional Settlement Administrator, will implement the Notice Plan, maintain a toll-free information line, process claims and exclusions, and report to the Court. LastPass will provide the class list to the Administrator within 14 days of preliminary approval.

37.     The Settlement is not contingent on the Court's approval of attorneys' fees, expenses, or Service Awards. It provides immediate, guaranteed relief tailored to the harms alleged, while avoiding the risks, burdens, and delay of continued complex litigation.

## THE NOTICE PLAN IS THE BEST PRACTICABLE

38.     The Settlement proposes a Notice Plan requiring direct notice to be emailed or, alternatively, mailed to each Settlement Class member. Epiq, as Settlement Administrator, will be responsible for issuing notice according to the Settlement's terms.

39.     Under the Settlement, LastPass will provide a list of Settlement Class members within 14 days after the entry of an order preliminarily approving the Settlement. Epiq will undergo efforts to update the Settlement Class list to ensure accurate addresses.

40.     For the purposes of effectuating individualized, direct Notice, Epiq shall send the Short Form Notice with pertinent information regarding the Settlement Agreement via email where

possible and via US mail address where no email is available or for those whose email addresses are undeliverable.

41.    The Settlement Administrator shall also establish a Settlement Website, which will include the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties. The Long Form Class Notice describes plainly: (1) Settlement Class members of the allegations asserted in the Actions; (2) details of the Settlement's benefits; (3) how to file a claim; (4) how to participate in the Crypto Pool claim process; (5) how Settlement Class members can exclude themselves from the Settlement or object to the Settlement; (6) how to access the Settlement Website; and (7) contact information to learn more about the Settlement or answer any questions about filing a claim, submitting an objection, or opting out. Additionally, LastPass will post notice on its website.

42.    The Notice Plan is consistent with other effective, court-approved settlement notice programs, including those involving data breaches, and is the best notice practicable. Under the Notice Plan, the parties expect virtually all Class members to receive direct notice and will engage in other means if it becomes apparent that some Settlement Class members have not received notice. We believe the proposed Notice Plan represents the best practicable Notice to Settlement Class Members and satisfies all due process considerations and meets the requirements of Federal Rule of Civil Procedure 23(e)(1)(b).

**REQUEST FOR SERVICE AWARDS AND ATTORNEYS' FEES AND EXPENSES**

43.    Under the Settlement Agreement, Settlement Class Counsel may move the Court for award of attorneys' fees and expenses and for payment of Class Representative service awards up to $10,000 per Settlement Class Representative.

44.    Any amount awarded by the Court for service awards and attorneys' fees and expenses will be paid from the Settlement Fund.

45.    The Settlement is not contingent on the Court's approval of the payment of any attorneys' fees or expenses.

**THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

46.    In our judgment the Settlement is fair, reasonable, and adequate within the meaning of Rule 23(e).

47.    Settlement Class Counsel have reviewed the proposed Claim Form and the Notices to be used by the Settlement. Although the submitted documents are substantially in the form that they will be used with the class members, Class Counsel and the Settlement Administrator will continue to optimize the formatting of the documents to make them easier to read and understand. The Claim Form is simple and straightforward and requires only the provision of very basic information. Based upon our experience with the settlement of other class action data breach cases on behalf of financial institutions and consumers, Settlement Class Counsel believe that the simplicity of the Claim Form will increase participation from Settlement Class Members.

48.    Settlement Class Counsel have experience litigating complex and class actions and have demonstrated particular success in litigating data security breach class actions. Settlement Class Counsel have vigorously pursued this action, and represented the interests of Plaintiffs and the Settlement Class, and have a strong understanding of the strengths and weakness of Plaintiffs'

claims based on their experience, their knowledge obtained from representing Plaintiffs, the extensive discovery and informal exchanges of information related to the LastPass Incident, work with expert witnesses, and their vigorous mediation efforts. Settlement Class Counsel have adequate information to assess the reasonableness of the Settlement.

49.    Based on our experience and expertise (in particular in data breach litigation, in which courts across the country have repeatedly found us adequate counsel pursuant to Rules 23(g) and 23(a)(4)), Settlement Class Counsel believe that the settlement is fair, adequate, reasonable, an excellent result for the Settlement Class, and represents a desirable resolution of this Litigation. Generally speaking, there are many impediments to victory for victims of a data breach pursuing litigation, as well as significant impediments to class certification. Class certification would have been hotly contested and would have led to significant, prolonged, and complex motion practice. Additionally, in this case, all these uncertainties and impediments are present. All Parties would likely face significant risk and costs from an expert battle concerning whether LastPass's data security was unreasonable and negligent, and competing expert testimony regarding the viability of any classwide damages models, given the disparate kinds of information kept in the password vault backups. The risks are further present with respect to LastPass because of its financial condition which, based on information exchanged during mediation, is such that, even if Plaintiffs were to succeed in litigation in the face of great expense and uncertainty, they still face a risk that they could not meaningfully recover from LastPass.

50.    Given these litigation risks, this Settlement is an excellent result in a complex, high-risk, hard-fought case that provides a substantial recovery for Plaintiffs and the Class who face significant future risk and, for some, have already experienced harm due to the data breach. It delivers immediate, certain, and meaningful relief in light of the risks of continued litigation of a

complex, multi-phase cyberattack involving sophisticated threat actors, and takes into account the uncertainties and costs of expert-intensive discovery and trial.

51.    The arm's-length nature of negotiations, the sufficiency of discovery and information exchanges, the experience of counsel in data-breach class actions, and the structure of benefits broadly align with settlements approved in data-breach cases providing claims for out-of-pocket loss, lost time, and credit/identity monitoring, with equitable and efficient allocation mechanisms.

52.    The Notice Plan is the best practicable under the circumstances because LastPass's business records allow targeted, direct notice to virtually all Settlement Class members, with a robust website, toll-free support, and clear instructions detailing the material terms, how to claim, opt out, or object, and relevant deadlines.

53.    The Settlement's Crypto Pool provides a streamlined, accessible remedy for crypto-related losses that would otherwise be unusually complex, expensive, and uncertain to litigate individually, thereby strengthening the Settlement's adequacy for a segment of the Class facing substantial but technically complex loss claims.

54.    Because the Settlement represents a fair and reasonable recovery on behalf of the Plaintiffs and the proposed Settlement Class, Settlement Class Counsel believe that the Court should preliminarily approve the Settlement and direct Notice to be issued to the Settlement Class. Class Counsel have worked with the proposed Settlement Administrator to design a Notice plan that provides direct notice to the Settlement Class using a list of active and inactive accounts that existed at the time of the Incident.  Each of the accounts has a unique identifier that correspondence to an email address.  LastPass will provide the list to the Settlement Administrator, who will then use it to  provide notice.

55.　Attached to this Declaration as **Exhibit 1** is a true and correct copy of the Class Action Settlement Agreement & Release, executed on December 19, 2025, including the Settlement Agreement's exhibits as follows:

    a.　**Exhibit A**: a copy of the Crypto Pool process.

    b.　**Exhibit B**: a copy of the proposed Claim Form;

    c.　**Exhibit C**: a copy of the proposed Long Form Notice; and

    d.　**Exhibit D**: a copy of the proposed Short Form Notice;

    e.　**Exhibit E**: a copy of the proposed Order of Preliminary Approval;

56.　Attached to this Declaration as **Exhibit 2** is a copy of the Declaration of Cameron R. Azari, Esq. Regarding Notice ("Azari Decl.").

57.　Attached to this Declaration as **Exhibit 3** is a copy of the firm resume of Berman Tabacco.

58.　Attached to this Declaration as **Exhibit 4** is a copy of the firm resume of DiCello Levitt LLP.

59.　Attached to this Declaration as **Exhibit 5** is a copy of the firm resume of Migliaccio & Rathod LLP.

60.　Attached to this Declaration as **Exhibit 6** is a copy of the firm resume of Reese LLP.

61.　Attached to this Declaration as **Exhibit 7** is a copy of the firm resume of Hausfeld LLP.

62.　Attached to this Declaration as **Exhibit 8** is a copy of the firm resume of Zimmerman Law Offices.

We declare under penalty of perjury that the foregoing is true and correct. Executed on December 23, 2025.

_____
Nathaniel Orenstein

_____
Amy Keller

_____
Nicholas Migliaccio

_____
Michael Reese

16