# Exhibit 1-E [REVISED]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *In re LastPass Data Security Incident Litigation* | **Case No.: 1:22-CV-12047-PBS** |

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of December 19, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: Plaintiffs Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC (the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through Nathaniel Orenstein of Berman Tabacco, Amy Keller of DiCello Levitt LLP, Nicholas Migliaccio of Migliaccio & Rathod LLP, and Michael Reese of Reese LLP, (collectively, "Settlement Class Counsel"); and (ii) Defendant LastPass US LP ("LastPass" or "Defendant"), by and through LastPass's counsel, Christopher A. Wiech and Chelsea M. Lamb of Baker & Hostetler LLP ("Defendant's Counsel"); and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

<strong>Preliminary Settlement Class Certification</strong>

3.      The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

4.      All natural persons residing in the United States, as well as all companies, entities, and organizations registered to do business in the United States, whose LastPass accounts were allegedly compromised, extracted, copied, stolen, or otherwise exposed as a result of the 2022 LastPass Data Security Incident, and whose accounts contained data at the time of the Incident.

5.      Excluded from the Settlement Class are the following individuals and/or entities: (1) Defendant, GoTo Technologies USA, LLC, Francisco Partners Management, L.P., Francisco Partners Consulting, LLC, Elliott Investment Management L.P., and their officers and directors; (2) all Persons who submit an Opt-Out from the Settlement; (3) the Court; and (4) any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident, or who pleads *nolo contendere* to any such charge.

6.      The Court determines that, for settlement purposes, the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives

are typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

7.      For purposes of settlement only, Plaintiffs Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC are preliminarily appointed as the Settlement Class Representatives.

8.      For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), Nathaniel Orenstein of Berman Tabacco, Amy Keller of DiCello Levitt LLP, and Nicholas Migliaccio of Migliaccio & Rathod LLP, as Class Counsel for the Settlement Class, and Michael Reese of Reese LLP, as Class Counsel for the California subclass.

### Reasonableness of the Proposed Settlement

9.      The Court finds that: (i) the proposed Settlement resulted from extensive and good faith negotiations at arm's length by experienced counsel; (ii) the proposed Settlement is in the best interests of the Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Settlement Class Members, and the scheduling of a final fairness hearing.

10.     The Court finds that the proposed Settlement creates an equitable claims process that will allow Settlement Class Members an opportunity to obtain reimbursement for certain

3

types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

11.    Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

**Notice to the Settlement Class**

12.    The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method: (a) constitutes the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

13.    The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

14.    The Court appoints Epiq Systems, Inc. as the Settlement Administrator and orders it to provide Notice to the Settlement Class Members and perform services as set forth in the Settlement Agreement.

15.     The Court orders Defendant to pay or cause its insurers to pay the Settlement Fund pursuant to the Settlement Agreement and further orders Defendant, through the Settlement Administrator, to provide the requisite CAFA Notice as set forth in the Settlement Agreement.

16.     No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the list of names and email addresses for each Settlement Class Member that Defendant possesses.

17.     Within sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Email Notice to Settlement Class Members' email addresses and publish Long Form Notice on the Settlement Website pursuant to the Settlement Agreement. The Settlement Administrator shall also establish a toll-free phone line for Settlement Class Members to call to receive information about the Settlement.

<strong>Claims Process and Distribution Plan</strong>

18.     The Settlement establishes a claims process for assessing and determining the validity of claims and distributing settlement benefits (including Statutory Payments, CCPA statutory damages, Ordinary Loss Relief, Extraordinary Loss Relief benefits, and Cryptocurrency Claims), a methodology for binding adjudication of Cryptocurrency Claims by a Special Master assisted by a Cryptocurrency Loss Expert, and a methodology for paying Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this claims process and plan for settlement benefits.

19.     Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice, the Claim Form, and the Settlement Agreement.

**Exclusions from the Class**

20.     Any Settlement Class Member who wishes to be excluded from the Settlement must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at the address provided in the Notice, postmarked no later than sixty (60) days after the Notice Commencement date. The opt-out request shall: (i) state the full name and current address and signature of the member of the Settlement Class; (ii) the case name and docket number – *In Re: LastPass Data Security Incident Litigation*, Case No. 1:22-cv-12047-PBS; (iii) specifically state his or her desire to be excluded from the Settlement and from the Settlement Class; (iv) state whether the Settlement Class Member desires to be excluded from the Settlement and the Settlement Class because at the time of the 2022 LastPass Security Incident, the Settlement Class Member had information stored within their LastPass vault that could be used to access their cryptocurrency assets; and (v) state whether the Settlement Class Member has reason to believe that their cryptocurrency assets were transferred without their authorization as a result of the 2022 LastPass Security Incident. Failure to comply with these requirements and to timely submit a valid request to opt out will result in the Settlement Class Member being bound by the terms of the Settlement.

21.     Any member of the Settlement Class who submits an Opt-Out may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement and shall not be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by (a) all subsequent

proceedings, orders, and judgments in this matter, (b) the Settlement, including, but not limited to, the releases and waivers set forth in the Settlement Agreement, and (c) the Final Approval Order and the Judgment.

## Objections to the Settlement

22.     A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees and expenses, and/or the request for a Service Award.

23.     To be a valid objection, the objection must state: (i) the objector's full name and address; (ii) the case name and docket number – *In Re: LastPass Data Security Incident Litigation*, Case No. 1:22-cv-12047-PBS; (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's Settlement Notice, copy of original email notice of the Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty (60) days from the Notice Commencement Date, to the Settlement Administrator at the address set forth in the Notice. The objector or his or her counsel may also file objection with the Court through the Court's ECF system, with service on Settlement Class Counsel and Defendant's

7

Counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and Defendant's Counsel, Settlement Class Counsel will file them with the Court as an exhibit to the Motion for Final Approval.

24.	Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

25.	Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases and waivers in the Settlement Agreement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

### Stay of Proceedings

26.	Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and the Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

27.	The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

### Final Approval Hearing

28.	The Final Approval Hearing shall take place before the Court on _____ 2026 at _____ a.m./p.m. in Courtroom ____ before Judge Patti B. Saris of

8

the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Action should be dismissed with prejudice as to the Released Parties; (b) Settlement Class Members should be bound by the releases and waivers set forth in the Settlement Agreement; (c) the proposed Final Approval Order and the proposed Judgment should be entered; (d) the application of Settlement Class Counsel for an award of attorneys' fees and expenses should be approved; (e) the application for Service Awards to the Settlement Class Representatives should be approved; and (f) the process of binding adjudication of the claims of Cryptocurrency Claimants by the Special Master, assisted by the Cryptocurrency Loss Expert, and the plan for distribution of the Crypto Pool, as set out in Exhibit A to the Settlement Agreement, should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing.

29.     Settlement Class Counsel shall file their Motion for Final Approval of the Settlement and Settlement Class Counsel's motion for award of fees, expenses and Service Awards from the Settlement Fund, no later than fourteen (14) days before the Objection and Opt-Out deadlines (forty-six days following the Notice Commencement Date). At the Final Approval Hearing, the Court will hear argument on Settlement Class Counsel's request for fees and expenses and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who submit timely and valid objections to the Settlement and/or Settlement Class Counsel's request for fees and expenses and Service Awards.

30.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment thereon, and whether to grant Settlement Class Counsel's request for fees and expenses and Service Awards from the Settlement Fund. Should the Court enter the Final Approval Order and Judgment thereon, it will retain jurisdiction over this action and the Settling Parties, Settlement Class Members, attorneys, and other appointed entities, for all matters relating to this action, including (without limitation) a motion for distribution of the Crypto Pool to be made subsequent to completion of the Crypto Pool process set forth in Exhibit A to the Settlement Agreement, *cy pres* awards, if any, as well as the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and Final Order and Judgment.

31.     The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines under the Settlement and this Order include but are not limited to the following:

| **Event** | **Deadline** |
|---|---|
| Defendant to provide the Settlement Administrator with the list of names and email addresses for each Settlement Class Member that Defendant possesses | 14 days following entry of this Order |
| Notice Commencement Date | 60 days following entry of this Order |
| Motion for Final Approval of the Settlement and Settlement Class Counsel's motion for award of fees, expenses and Service Awards from the Settlement Fund | 46 days following the Notice Commencement Date and 14 days prior to the Objection and Opt-Out Deadlines. |
| Objection and Opt-Out Deadlines | 60 days after the Notice Commencement Date |
| Claim Deadline | 90 days after the Notice Commencement Date |
| Final Approval Hearing | To be determined by the Court |

**IT IS SO ORDERED.**

_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

11