**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ***In re LastPass Data Security Incident Litigation*** | **Case No. 1:22-cv-12047-PBS** |

**PLAINTIFFS' CONSENT MOTION TO APPOINT BRUCE A. FRIEDMAN, ESQ. AS SPECIAL MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53**

Plaintiffs[1] hereby respectfully move the Court to appoint Bruce A. Friedman, Esq., as Special Master to adjudicate cryptocurrency claims, pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority. Defendant LastPass US LP ("LastPass" or "Defendant") consents to the appointment of Mr. Friedman as Special Master for purposes of the parties' proposed class action settlement. *See* Doc. Nos. 303, 304, 305.

In support of the motion, Plaintiffs state as follows:

1. Pursuant to Federal Rule of Civil Procedure 53(a)(1)(A), the court may appoint a Special Master to "perform duties consented to by the parties." FED. R. CIV. P. 53(a)(1)(A).

2. The Court also has inherent authority to appoint a Special Master to adjudicate claims and fashion remedies. *See Heching v. Syrian Arab Republic*, No. 1:17-cv-01192-TSC, 2023 WL 11833605, at *1 (D.D.C. June 8, 2023) (setting forth duties and terms of appointment of special master pursuant to Rule 53 and "the inherent authority of the Court"); *see also Alabama State Conf. of the NAACP v. Allen*, No. 2:21-cv-01531-AMM, 2025 WL 2835140, at *4 (N.D. Ala.

[1] Plaintiffs are Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC ("Plaintiffs") (together with Defendant, the "Parties").

Oct. 1, 2025) (appointing special master pursuant to Rule 53 and inherent authority); *Moore as Next Friend to Moore v. Tangipahoa Par. Sch. Bd.*, 912 F.3d 247, 250 (5th Cir. 2018) ("A district court may appoint special masters and other agents 'pursuant to the court's inherent authority in fashioning equitable remedies.'").

3. Here, in connection with the Parties' proposed class settlement of the action, Plaintiffs and Defendant have consented to the appointment of Bruce A. Friedman, Esq., as Special Master pursuant to Rule 53(a)(1)(A) and the Court's inherent authority, for the limited purpose of adjudicating loss claims by Cryptocurrency Claimants (as defined in ¶ 23 of the Settlement Agreement, Doc. No. 305-1) from the Crypto Pool (as defined in ¶ 24 of the Settlement Agreement), in accordance with the procedures set forth in Exhibit A to the Settlement Agreement, Doc. No. 305-2.

4. Good causes exist for the appointment of a Special Master to oversee the loss claims sought by Cryptocurrency Claimants. The appointment is necessary because of the complexity of verifying and calculating cryptocurrency losses submitted by Cryptocurrency Claimants and the security and confidentiality requirements involved in adjudicating these claims. *See Berton v. Aetna Inc.*, No. 23-cv-01849-HSG, 2025 WL 3654087, at *3, *11 (N.D. Cal. Dec. 17, 2025) (granting preliminary approval of class action settlement and appointing special master where, *inter alia*, the special master would "evaluate all Special Harm Submissions" by settlement class members to determine whether to award "Special Harms Payments . . . to compensate class members who experienced greater harm" than would be compensated by other payments under the settlement, and the special master would "allocate amounts from the Special Harms Common Fund to the Damages Class Members").

5. The Parties ask the Court to refer all Cryptocurrency Claims, which have been

determined by the Settlement Administrator (as defined in the Settlement Agreement) to the best of its ability to be complete and non-fraudulent, to the Special Master to resolve "with all reasonable diligence" pursuant to ¶¶ 62, 70, 84, 86, 87, 88, and 90(d) of the Settlement Agreement, and Exhibit A attached thereto. Doc. Nos. 305-1, 305-2; FED. R. CIV. P. 53(b)(2).

6. Consistent with the Settlement Agreement, the Parties also ask the Court to authorize the Special Master to retain the assistance of a cryptocurrency-forensics expert, who will assist the Special Master to resolve loss claims by the Cryptocurrency Claimants with fairness, accuracy, and efficiency.

7. Filed contemporaneously with this Motion is a true and correct copy of the Declaration of Bruce A. Friedman, Esq. (the "Declaration," attached hereto as **Exhibit 1**), which is an "affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455" pursuant to Rule 53(b)(3)(A). The Declaration demonstrates that Mr. Friedman does not have "a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455." FED. R. CIV. P. 53(a)(2).

8. Attached to the Declaration is a true and correct copy of Mr. Friedman's biography as Exhibit A. *See* Ex. 1 at 6.

9. Mr. Friedman's Declaration includes a statement from Mr. Friedman regarding his fees and costs, which shall be paid from the Crypto Pool pursuant to ¶ 76(c)(i) of the Settlement Agreement and consistent with the disclosure to potential claimants in the Notice. *See id*. at ¶ 18. It is fair and reasonable to impose the likely expenses of Mr. Friedman on the Parties because the Parties have consented to his appointment and because his fees are reasonable and will be submitted for approval to the Court as part of the settlement process, pursuant to ¶ 63 of the Settlement Agreement. *See* FED. R. CIV. P. 53(a)(3). Appointing Mr. Friedman will not result in

"unreasonable expense or delay" and, to the contrary, as discussed above, will facilitate the timely and efficient resolution of the complex claims of the Cryptocurrency Claimants. *See id.*

10. It is also fair and reasonable to impose the likely expenses of Mr. David Garrie of JAMS, as the Special Master's cryptocurrency-forensics expert on the Parties. Here as well, the Parties have consented to the use of a cryptocurrency-forensics expert, and all fees of such expert are reasonable and will be submitted for approval to the Court as part of the settlement process, pursuant to ¶ 63 of the Settlement Agreement. *See* FED. R. CIV. P. 53(a)(3); *see also* Ex. 1 at ¶ 19. Authorizing the Special Master to use a cryptocurrency-forensics expert will not result in "unreasonable expense or delay" and, to the contrary, as discussed above, will facilitate the timely and efficient resolution of the complex claims of the Cryptocurrency Claimants. *See* FED. R. CIV. P. 53(a)(3).

11. In addition, Mr. Friedman will work with Ms. Janine A. Sperandeo, Esq. of JAMS in order to assist with the process and reduce the average billing rate for the engagement. *See* Ex. 1 at 17.

12. To ensure that the fees and expenses to be paid to the Special Master from the Crypto Pool remain fair to the Cryptocurrency Claimants, Mr. Friedman has included in his declaration as Exhibit B, a Cost and Time Estimate (Crypto Claim Validation & Analysis Services). *See* Ex. 1. Indeed, as indicated in Mr. Friedman's Declaration at ¶ 18, he and his team "will make an effort to limit the total fees of adjudicating these Cryptocurrency Claims as much as possible to ensure that total fees do not significantly diminish the Crypto Pool, particularly for smaller claims." *Id.* at ¶ 18. Mr. Friedman also "anticipate[s] that the costs on a per claim basis will decrease as [he and his team] gain more experience administering cryptocurrency claims." *Id.*

13. Attached hereto as **Exhibit 2** is a proposed order granting the motion, which

complies with Rule 53(b)(2).

Dated: May 18, 2026

Respectfully submitted by:


*/s/ Edward F. Haber*
Edward F. Haber (BBO# 215620)
Ian McLoughlin (BBO #647203)
Patrick J. Vallely (BBO# 663866)
**SHAPIRO HABER & URMY LLP**
One Boston Place, Suite 2600
Boston, MA 02108
Tel: (617) 439-3939
Fax: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

*Interim Liaison Counsel*

Amy Keller*
James A. Ulwick*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900
Fax: (312) 253-1443
akeller@dicellolevitt.com
julwick@dicellolevitt.com

Nathaniel L. Orenstein (BBO #664513)
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
norenstein@bermantabacco.com
pegan@bermantabacco.com
jsaif@bermantabacco.com

Nicholas A. Migliaccio*
Jason Rathod*


* *Admitted Pro Hac Vice*

Bryan Faubus*
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
bfaubus@classlawdc.com

*Interim Co-Lead Counsel for the Plaintiffs*

Michael R. Reese*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
Fax: (212) 253-4272
mreese@reesellp.com

George V. Granade*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Tel: (310) 393-0070
Fax: (212) 253-4272
ggranade@reesellp.com

Charles D. Moore*
**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Tel: (212) 643-0500
Fax: (212) 253-4272
cmoore@reesellp.com

*Interim Co-Lead Counsel for the California Subclass*

James J. Pizzirusso*
**HAUSFELD LLP**
888 16th Street, N.W.
Suite 300
Washington, D.C. 20006
Tel.: (202) 540-7200
Fax: (202) 540-7201

jpizzirusso@hausfeld.com

Steven M. Nathan*
**HAUSFELD LLP**
33 Whitehall Street
Fourteenth Floor
New York, NY 10004
Tel.: (646) 357-1100
Fax: (212) 202-4322
snathan@hausfeld.com

Thomas A. Zimmerman, Jr.*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington St., Ste 1220
Chicago, IL 60602
Tel: (312) 767-6463
Fax: (312) 440-4180x
tom@attorneyzim.com

*Chairs of the Plaintiffs' Executive Committee*

Sabita J. Soneji*
Cort T. Carlson*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808
Fax: (202) 973-0950
ssoneji@tzlegal.com
ccarlson@tzlegal.com

Robert C. Schubert*
Amber L. Schubert*
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
aschubert@sjk.law

Laura Van Note*
**COLE & VAN NOTE**
555 12th Street, Suite 2100

Oakland, CA 94607
Tel: (510) 891-9800
Fax: (510) 891-7030
lvn@colevannote.com
cab@colevannote.com

Michael Kind*
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Tel: (702) 337-2322
Fax: (702) 329-5881
Email: mk@kindlaw.com

Marc E. Dann*
Brian D. Flick*
**DannLaw**
15000 Madison Avenue
Lakewood, OH 44107
Tel: (216) 373-0539
Fax: (216) 373-0536
notices@dannlaw.com

Francis A. Bottini, Jr.*
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com

*Plaintiffs' Executive Committee*

***Counsel for the Plaintiffs and the Proposed Settlement Class Members***

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs conferred with counsel for Defendant before filing this motion, and Defendant does not oppose this motion.

Dated: May 18, 2026

*/s/ Edward F. Haber*
Edward Haber

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 18, 2026.

Dated: May 18, 2026

*/s/ Edward F. Haber*
Edward F. Haber