**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ***In re LastPass Data Security Incident Litigation*** | **Case No.: 1:22-CV-12047-PBS** |

**~~[PROPOSED]~~ ORDER APPOINTING BRUCE FRIEDMAN AS SPECIAL MASTER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 53**

**WHEREAS**, on December 23, 2025, Plaintiffs Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC (the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, and Defendant LastPass US LP ("LastPass" or "Defendant," and collectively, the "Parties"), filed the executed Class Action Settlement Agreement and Release (the "Settlement Agreement"), pursuant to which the Parties consented to the appointment of Bruce A. Friedman, Esq. as Special Master to adjudicate cryptocurrency claims. Doc. Nos. 305, 305-1, 305-2.

**WHEREAS**, on May 18, 2026, Plaintiffs filed an unopposed Consent Motion to Appoint Bruce A. Friedman, Esq., as Special Master Pursuant to Federal Rule of Civil Procedure 53 (the "Motion").

**WHEREAS**, this appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the Court. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment.

IT IS HEREBY ORDERED:

Case 1:22-cv-12047-PBS Document 338-2 Filed 08/08/26 Page 2 of 6

**Appointment of the Special Master**

1. Good cause exists for the appointment of a Special Master to oversee the loss claims sought by Cryptocurrency Claimants (as defined in ¶23 of the Settlement Agreement, Doc. No. 305-1). The appointment is necessary because of the complexity of verifying and calculating cryptocurrency losses submitted by Cryptocurrency Claimants and the security and confidentiality requirements involved in adjudicating these claims.

2. The Parties have proposed that Bruce A. Friedman, Esq. be appointed as Special Master (the "Special Master"). The Court agrees with the proposal of the Parties. The procedures pertaining to the Special Master's adjudication of loss claims made by the Cryptocurrency Claimants from the Crypto Pool (as defined in ¶24 of the Settlement Agreement, Doc. No. 305-1, the claims for which are "Cryptocurrency Claims") are set forth in Exhibit A to the Settlement Agreement. Doc. No. 305-2.

3. Pursuant to Rule 53(b)(3), the Special Master has filed a declaration disclosing that there is no ground for disqualification under 28 U.S.C. § 455. The affidavit included a statement from the Special Master regarding his fees and was filed contemporaneously with the Motion.

**Limited Scope of Authority and Duties of the Special Master**

4. The purpose of the Special Master is limited to adjudicating the Cryptocurrency Claims. All Cryptocurrency Claims, which have been determined by the Settlement Administrator (as defined in the Settlement Agreement) to the best of its ability to be complete and non-fraudulent, shall be referred to the Special Master to resolve "with all reasonable diligence" pursuant to ¶¶62. 70, 84, 86. 87, 88, and 90(d) of the Settlement Agreement, and Exhibit A attached thereto. Doc. Nos. 305-1, 305-2, Fed. R. Civ. P. 53(b)(2).

5. Consistent with the Settlement Agreement, and as proposed in the Declaration of Bruce A. Friedman, Esq., the Special Master shall obtain the assistance of Daniel Garrie, a cryptocurrency-forensics expert, as well as Janine A. Sperando, another JAMS neutral.

6. The Special Master's authority shall be further defined as stated in Rule 53(c)(B) and as outlined in the Settlement Agreement and Exhibit A attached thereto. Doc. Nos. 305-1, 305-2.

7. The Special Master may communicate *ex parte* with the Court or any Party or Cryptocurrency Claimant at any time pursuant to Fed. R. Civ. P. 53(b)(2)(B). Generally, the Special Master shall not communicate *ex parte* with any Party without first providing notice to the other Parties.

8. The Special Master's term of service will end at the earlier of (a) the completion of the Special Master's limited duties as defined herein, or (b) when the Court terminates the appointment.

**Special Master's Report and Subsequent Judicial Review**

9. Upon completion of the Cryptocurrency Claims assessments, the Special Master will prepare a report describing the outcome of the Confidential Cryptocurrency Theft Claims Process outlined in Exhibit A of the Settlement Agreement (the "Crypto Claims Process"), including: the number of claims received, the number of valid and invalid claims, general explanations for why claims were determined to be valid or invalid, the total amount of Crypto Pool funds awarded to valid claims, an invoice for the administration costs of the Crypto Claims Process including the Special Master's detailed fees and expenses, as well as any other matter the Special Master deems necessary to provide a full understanding of the administration of the Crypto Pool and Crypto Claims Process (the "Special Master Report").

10. Upon further request by the Court, the Special Master will file with the Court the Special Master Report in accordance with the relevant provisions of Fed. R. Civ. P. 53.

Case 1:22-cv-12047-PBS Document 338-2 Filed 08/08/26 Page 4 of 6

11. The Special Master Report shall be filed under seal with the Court, and will be maintained by the Parties as confidential and not disclosed to the public, except the identity of claimants and the Special Master's determination of each of their claims, including, if approved, the amount of payment due to each claimant, will be provided confidentially to the Settlement Administrator for purposes of carrying out the administration of the Settlement Agreement.

**Compensation of the Special Master**

12. The fees and costs of the Special Master shall be paid from the Crypto Pool pursuant to ¶76(c)(i) of the Settlement Agreement and consistent with the disclosure to potential claimants in the Notice.

13. The Special Master shall maintain a record of his time serving as Special Master that generally identifies the date of service and a brief narrative description of the services performed.

14. The Special Master shall also maintain a record of the time spent by his selected cryptocurrency-forensics expert and any other staff that generally identifies the date of service and a brief narrative description of the services performed.

15. The Special Master shall make every effort to minimize his expenses and fees to be paid from the Crypto Pool while at the same time carrying out the mandates of this Order.

16. The Special Master shall be compensated at the rate of $1,000 per hour, an amount agreed to by the Parties and the Special Master pursuant to ¶63 of the Settlement Agreement.

17. The Special Master's cryptocurrency-forensics expert shall be compensated at the rate of $1,000 per hour, an amount agreed to by the Parties and the Special Master pursuant to ¶63 of the Settlement Agreement.

18. Janine A. Sperando, Esq., will be compensated at a rate of $500 per hour, an amount agreed to by the Parties and the Special Master.

19. A JAMS filing fee and 13% case management fee will be applied for administrative purposes.

20. The report shall be filed with the Court under Seal. See ¶ 10.

**IT IS SO ORDERED.**

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE