UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re LastPass Data Security Incident Litigation* | **Case No.: 1:22-CV-12047-PBS** |

**[PROPOSED] ORDER APPROVING SUPPLEMENTAL NOTICE**

**WHEREAS**, at the final approval hearing on July 14, 2026, the Parties and the Court discussed a supplemental notice to certain Settlement Class Members to provide additional information regarding the valuation of cryptocurrency; and

**WHEREAS**, the Court has reviewed the Plaintiffs' Second Supplement to Motion for Final Approval of Proposed Class Action Settlement, the Declaration of Jeffrey Cronkhite regarding Claims Analysis and the proposed Crypto Pool Notice attached as an Exhibit thereto describing the cryptocurrency valuation methodology;

**NOW THEREFORE**, having reviewed and considered the submissions and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the proposed Crypto Pool Notice is adequate and reasonable, and constitutes the best notice practicable under the circumstances;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court orders supplemental notice to Settlement Class Members who previously submitted a Claim Form seeking reimbursement for cryptocurrency losses or previously requested to opt out of the Settlement and identified having cryptocurrency losses. The Court orders dissemination of the Crypto Pool Notice, as defined in, and substantially in the form attached to, the Cronkhite Declaration, an exhibit to Plaintiffs' Second Supplement to Motion for Final Approval of Proposed Class Action Settlement. The Crypto Pool Notice provides these Settlement Class Members with information about how the Special Master will determine the U.S. dollar value of their loss, using the value of the cryptocurrency at the date of each alleged unauthorized transfer from the Settlement Class Members' account or wallet (i.e., the date of theft). After receipt of the Crypto Pool Notice, these Settlement Class Members will have an additional 21 days to submit a claim for Crypto Pool benefits (if they previously requested to opt out of the Settlement) or request to opt out of the Settlement (if they previously filed a claim for Crypto Pool benefits). If Settlement Class Members do not respond, their earlier status of submitting a claim for Crypto Pool benefits or requesting to opt out of the Settlement will remain unchanged.

3. The Court finds that the proposed Crypto Pool Notice, together with the previous Notice program, including in form, content, and method: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the cryptocurrency valuation methodology; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the proposed Crypto Pool Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

4. The Parties and Settlement Administrator are authorized to make non-material modifications to the Crypto Pool Notice, such as proofing and formatting alterations, without further order from this Court.

5. The Claims Administrator is ordered to send the Crypto Pool Notice within 5 days of the signature of this order.

**IT IS SO ORDERED.**

Patti B. Saris

UNITED STATES DISTRICT JUDGE

8/7/26