**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *In re LastPass Data Security Incident Litigation* | **Case No.: 1:22-CV-12047-PBS** |

**[~~PROPOSED~~] FINAL APPROVAL ORDER**

**WHEREAS**, a Settlement Agreement, dated as of December 19, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: Plaintiffs Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC , individually and on behalf of the Settlement Class Members, by and through Nathaniel Orenstein of Berman Tabacco, Amy Keller of DiCello Levitt LLP, Nicholas Migliaccio of Migliaccio & Rathod LLP, and Michael Reese of Reese LLP, (collectively, "Settlement Class Counsel"); and (ii) Defendant LastPass US LP ("LastPass" or "Defendant"), by and through LastPass's counsel, Christopher A. Wiech and Chelsea M. Lamb of Baker & Hostetler LLP ("Defendant's Counsel"); and

**WHEREAS**, on February 2, 2026 the Court entered an Order of Preliminary Approval Order (ECF No. 311) ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declarations of the Cameron R. Azari filed with the Court on May 18 and July 10, 2026 (ECF Nos. 321(1) and 330(1)); and

**WHEREAS**, the CAFA Notice ordered by the Court has been provided, according to the declaration of the Cameron R. Azari filed with the Court on March 4, 2025; and

**WHEREAS**, on July 14, 2026, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after CAFA notice was issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and is in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Settlement Representatives, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

**Objections and Opt-Outs**

8. Five objections were filed by Settlement Class Members. The Court has considered all objections and finds most of the objections do not counsel against Settlement approval and the objections are hereby overruled in all respects except with respect to the relief
provided in Paragraph 10 which required information about the
Special Master's cryptocurrency valuation methodology and
a second opportunity to participate in the settlement or opt out.

PBS
9/30/26

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to. by appeal, collateral attack, or otherwise.

10. A list of those Settlement Class Members who have timely and validly elected to opt-out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Cameron R. Azari filed on July 10, 2026, in advance of the final approval hearing. Cryptocurrency Claimants and Settlement Class Members who had opted out received a second opportunity to elect to participate in the settlement or opt out after receiving the Crypto Pool Notice informing them of the proposed Special Master's cryptocurrency valuation methodology. Following the expiration of the 21-day period to respond to the Crypto Pool Notice, Plaintiffs submitted a revised list incorporated as Exhibit A to this Order. The persons listed on Exhibit A are not bound by the Settlement, this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed on Exhibit A shall be deemed not to be Plaintiff Released Parties.

**Class Certification**

11. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All natural persons residing in the United States, as well as all companies, entities, and organizations registered to do business in the United States, whose LastPass accounts were allegedly compromised, extracted, copied, stolen, or otherwise exposed as a result of the 2022 LastPass Data Security Incident, and whose accounts contained data at the time of the Incident.

12. Excluded from the Settlement Class are the following individuals and/or entities:

> (1) Defendant, GoTo Technologies USA, LLC, Francisco Partners Management, L.P., Francisco Partners Consulting, LLC, Elliott Investment Management L.P., and their officers and directors; (2) all Persons who submit an Opt-Out from the Settlement; (3) the Court; and (4) any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident, or who pleads nolo contendere to any such charge.

13. The Court determines that, for settlement purposes only, the Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

14. For settlement purposes only, the Court grants final approval to the appointment of Plaintiffs Amy Doermann, Ayana Looney, Dan LeFebvre, David Andrew, Erik Brook, Glenn Mulvenna, Hui Li, Nathan Goldstein, Noah Bunag, R. Andre Klein, Sarb Dhesi, Steven Carter, Debt Cleanse Group Legal Services LLC, and Hustle N Flow Ventures LLC as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

15. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), Nathaniel Orenstein of Berman Tabacco, Amy Keller of DiCello Levitt LLP, Nicholas Migliaccio of Migliaccio & Rathod LLP, and Michael Reese of Reese LLP, as Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

16. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

17. The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

18. The Settlement Class Representatives and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

19. All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

20. Every Settlement Class Member set forth in Exhibit A who has validly exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

21. Each Released Claim of each Plaintiff Released Party is hereby extinguished as against the Defendant Released Parties.

**Award of Attorneys' Fees and Service Awards**

22. The Court having considered Plaintiffs' Motion for Attorneys' Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) as follows:

a. From the $8,200,000 Common Fund, Class Counsel is awarded a fee of $2,733,333.33, which shall be paid in accordance with the terms of the Settlement Agreement.

b. From the $8,200,000 Common Fund, Class Counsel will be reimbursed its expenses in the amount of $405,364.71, which shall be paid in accordance with the terms of the Settlement Agreement.

c. From the $8,200,000 Common Fund, the Settlement Administrator shall be paid the costs of notice and administration in accordance with the terms of the Settlement Agreement.

d. From the $16,250,000 Crypto Pool, Class Counsel will be awarded a fee of 33 1/3% of the total funds made available by Defendants pursuant to the Settlement Agreement. No attorneys' fees associated with the Crypto Pool will be disbursed until further order from the Court.

This award of fees and expenses in the case, hereby extinguishes any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

23. The Court grants Settlement Class Representatives a Service Award in the amount of $10,000 each. The Service Awards shall be paid in accordance with the Settlement Agreement.

The Court finds that these payments to the Settlement Class Representatives are justified based on their service to the Settlement Class.

24. This award of attorneys' fees, reimbursement of expenses, and grant of Service Awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**Other Provisions**

25. The Parties to the Settlement shall carry out their respective obligations thereunder.

26. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

27. As of the Effective Date, the Plaintiff Released Parties release any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses or demands, whether known or unknown, existing or suspected or unsuspected, that were or reasonably could have been asserted against Defendant Released Parties and relate to the LastPass Security Incident.

28. The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by this Settlement or by the Final Approval Order and the Judgment. The Settlement and/or this Final Approval Order and the Judgment may be pleaded as a complete defense to any proceeding subject to this section. However, the Settlement Agreement is not intended to and does not prohibit a Class Member from responding to inquiries posited by federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, the Settlement Agreement is not intended to and does not prohibit a Class

Member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims. For the avoidance of doubt, the definition of Settlement Class Members includes Business Account holders, but does not include current or former employees of Business Account holders who were given access to LastPass vaults by their employers. The Settlement, Release, and this Final Approval Order do not effectuate a release on behalf of anyone who is not a Settlement Class Member.

29. This Final Approval Order, the Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

30. This Final Approval Order, the Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiff or any Settlement Class Member has suffered any damage; *provided, however*, that nothing in the foregoing, the Settlement, this Final Approval Order or the Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and the Judgment (including all releases in the Settlement and Final Approval Order and the Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

31. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and the Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order and the Judgment.

32. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as to the LastPass, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

33. Consistent with the Settlement, in the event the Effective Date does not occur, this Final Approval Order and the Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Final Approval Order and the Judgment and all orders entered in connection herewith shall be vacated and null and void. All of the Parties' obligations under the Settlement, the Preliminary Approval Order, this Final Approval Order and the Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

34. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

Patti B. Saris

UNITED STATES DISTRICT JUDGE

9/30/26